Harris *et al.* ex'rs, *vs.* Allen.

No. 18.—Young L. G. Harris and others, executors of S. W. Allen, deceased, plaintiffs in error, *vs.* Jane L. Allen, defendant in error.

[1.] Interest can be charged on advancements, only from the time they are brought into hotchpot.

In Equity, in Elbert Superior Court. Decision by Judge Andrews, at March Term, 1855.

The bill of exceptions and record in this case make but a single question. The testator, Singleton W. Allen, directed that his estate should be distributed according to the Statute of Distributions. He had, during his life-time, largely advanced several of his children. Upon a settlement of his estate, the question was, whether interest should be charged on these advancements from the date of the death of testator, to the time of distribution. The Court below held that interest was so chargeable, and this is the only error assigned.

T. R. R. Cobb, for plaintiff in error.

T. W. Thomas, for defendant in error.

*By the Court.*—Starnes, J. delivering the opinion.

[1.] We believe that this point is, in plain terms, controlled by our Statute of December 25th, 1821. But we also incline to think, that without this Statute, and upon elementary priciples, interest cannot be allowed on these advancements.

Interest is a penalty or compensation for the withholding of a debt. It cannot, therefore, properly be charged on these advancements from the death of the testator, unless they are in the nature of debts. Are they so?

Harris *et al.* ex'rs, *vs.* Allen.

On the contrary, property *advanced* by the father to a child, vests absolutely in the latter. This seems to be reasonable and just, when we reflect that it is given in lieu of that which the duty of maintenance previously required to be furnished, and is in anticipation of what the child might inherit. It often goes as a marriage portion, or consideration of marriage, with the child. Indeed, it only becomes an *advancement* by being given absolutely. Hence, we are told, in direct terms, that " such a provision as shall be construed an advancement, must result from a complete act of the intestate, in his lifetime, *by which he divested himself of all property in the subject.*" *Edwards vs. Freeman*, (2 *P. Wm.* 440. *Toller*, 380.)

If we examine the rules which governed the *collatio bonorum* of the Civil Law, from which we have derived the doctrine of advancements, &c. we will find that property given by the father, by way of advancement, to his children, vested absolutely in them when emancipated. (*Dom. Civ. L. Part 2, B. 2. Tit. 4, Sec.* 2944.)

This being so, it would seem that interest cannot be legally charged on such an advancement, until the child divests himself of his absolute title to the property, by bringing it in for distribution.

But whatever may be thought of the question, upon principle, we do not see how there can be any doubt as to the provisions of our Statutes, which expressly declare that " such advancements, when brought into hotchpot, shall be estimated according to the value of the property at the time such advancement was made, and no interest allowed thereon." (*Act of December 25th*, 1821. *Cobb, N. D.* 294.)

No interest allowed thereon *when ?* " When brought into hotchpot," answers the Statute. Nothing can be plainer.

It was urged by the Counsel for the defendant in error, that, unless interest was thus reckoned, very great inequality might result in making distribution; and that there would be a want of certainty in the rule adopted, as the time of distribution would be indefinite, and the child might defer the

rendering of his portion into hotchpot to the latest possible moment.

The illustrations presented by the intelligent Counsel for the defendant in error, certainly show that inequality might result, if interest were not estimated from the death of the father. But other illustrations very plainly show that inequality in the distribution may result, although interest be calculated on the advancement from that period; and it can be readily seen that the effort to produce equality in such a case, must prove a fruitless task, unless all the interest accumulated by the child, were calculated from the time the advancement was received; yet, no one thinks of insisting on this.

Why, then, should a Court adopt a rule for the sake of equality and equity, which, whilst it violates fundamental legal principles, does not certainly result in either?

The truth is, it does not necessarily follow, that there will be an accumulation of the sum advanced; but if there be, it is proper that it should belong absolutely to the child; for it may be the fruit of his energy, his industry, or his ability. And the inequality of which complaint is made, necessarily results from the nature and incidents of property.

The difficulty suggested, as to the indefiniteness or uncertainty as to the time when the portion may be brought into hotchpot, is an argument from *the inconvenience of the matter*. But this cannot authorize a repeal, by construction of the plain provisions of the Statute. Such would be the result, if interest were allowed before the portion was brought into hotchpot. The *argumentum ad inconvenienti* may be resorted to when the meaning of a Statute is doubtful. But it is of no service when the terms of the Act are plain.

Besides, the uncertainty is not so great as suggested. The distributee must elect to bring his portion into hotchpot, and give notice to this effect, to the administrator, before distribution. And if the time when he thus gives notice, be assumed as the period when the portion is brought into hotchpot, (and

Harris *et al.* ex'rs, *vs.* Allen.

this may be done in strict accordance with legal principles,) the inconveniences pointed out would be obviated.

A Statute passed by our last Legislature, now fixes the "time of distribution" as that at which the portion must be brought into hotchpot. (*Acts of* 1853–'4, 41.) As a consequence, for the future, it will be necessary to declare, with something of certainty, what is meant by *the time of distribution*. This may be easily done, by holding, that the time of the first distribution contemplated by law, was intended as the time when the portion is to be brought into hotchpot.

Let the judgment be reversed.