## ROBINSON v. ROBINSON.

1. STATUTE OF FRAUDS: *Promise of grantee to hold land in trust.*
   A parol promise by a grantee, before or at the time of receiving the deed, to hold the land in trust for any one or for any purpose, is void by the Statute of Frauds.

2. ADVANCEMENT: *Purchase by father and conveyance to son.*
   The purchase of land by a father and conveyance to his son by his direction is, in the absence of proof to the contrary, presumed to be an advancement and not a trust. But this presumption may be rebutted, by evidence of facts showing that it was the father's intention to impose a trust and not a gift. Such facts, however, must precede or immediately succeed or be contemporaneous with the conveyance, so as to form, in fact, a part of the same transaction. It may also be rebutted by parol declarations of the father contemporaneous with, but not by any subsequent to, the conveyance. This evidence would be admissible to prove a resulting trust.

APPEAL from *Lonoke* Circuit Court in Chancery.

Hon. J. W. MARTIN, Circuit Judge.

*John C. & C. W. England* for Appellant.

The question is, did appellee become a trustee when he accepted the deeds, or was it an advancement.

1. The appellee's admissions in his answer and deposition make him a trustee.

2. The proof clearly establishes that he holds the land in trust.

We admit, that where a father pays the purchase money and takes the title in the name of a child, it is presumed to be an advancement, but this may be rebutted, and it becomes a question of pure intention, whether the father intended an advancement or a trust. *1 Perry on Trusts, 2 ed., Sec. 147; Ib., Secs. 112, 117, and cases cited in note.*

30——45

Robinson v. Robinson.

The trust was revocable. *30 Beav., 243; 2 Lead. Cas. in Eq., pt. 2, p. 1156.*

Review the evidence in detail and contend that the presumption of an advancement is overcome, and a trust established.

*Blackwood & Williams* for Appellee.

The sole question is, was this an advancement or intended as a trust at the time. As to the law of advancement see *Bish. Eq., Sec. 84; 1 Perry Tr., Sec. 143; 2 Story Eq., Sec. 1203; Lead. Cas. in Eq., 324, and cases cited.* It takes strong and convincing testimony to overcome the presumption of an absolute gift, arising from the deeds.

But if there was a trust raised by the words used, in favor of his daughters, they only can take advantage of it, and it is irrevocable. *1 Perry Tr., Sec. 104.*

We rely also on the Statute of Frauds. If there is any trust at all, it is an express trust, and within the statute. *Mansf. Dig., Sec. 3382; 37 Ark., 149; 1 Perry Tr., Sec. 124; Ib., Sec. 73; 1 Bish., Sec. 63.* Only constructive trusts are excepted. *1 Perry Tr., Sec. 73; Mansf. Dig., Sec. 3383.* The testimony clearly shows an advancement.

BATTLE, J. Plaintiff, J. H. Robinson, alleges in his complaint as follows: He purchased a tract of land, which is described in his complaint, and paid therefor with his own money. When he had completed payment and was entitled to a deed, he informed the defendant, Walter E. Robinson, who is his son, that he was desirous of having the land conveyed to him, in order that he, plaintiff, might use and dispose of it to the best advantage for the benefit of his family, and to avoid the expense and delay of an administration in case of his death.

Robinson v. Robinson.

Defendant consented to have the land conveyed to him, and to hold it in trust for plaintiff until such time as plaintiff might desire a conveyance thereof to himself or other person, and should plaintiff die before such time, then in trust for plaintiff's younger children and eldest son. After this he caused his vendors to convey the land to the defendant. The deed by which the land was conveyed, was an ordinary warranty deed, in the usual form, and a conveyance in fee simple. He delivered the deed to defendant, and thereafter, from time to time, made valuable improvements on the land, and expended therefor many sums of money, amounting in the aggregate to the sum of three thousand dollars. He has requested the defendant to convey the land to him, according to his promise and agreement, and he has and still refuses to do so.

The prayer of the complaint is that defendant be required to convey the land to plaintiff, and for other relief.

The defendant answered and denied that he had ever had any conversation with plaintiff, or any one else, in regard to holding said land in trust for plaintiff or any one else, or expressly or impliedly agreed to hold it in trust, or to convey it to plaintiff or any one else at his request; and stated that the conveyance of said land was an advancement or gift from plaintiff to him; and denied that plaintiff expended on the land large sums of money or made large and valuable improvements thereon, but admits that he expended thereon about one hundred and fifty dollars, and that he had been repaid therefor; and pleaded the Statute of Frauds.

On the final hearing the court below dismissed the complaint, and rendered judgment in favor of defendant against plaintiff for costs, and plaintiff appealed.

There was no evidence introduced at the hearing of this cause that defendant, before or at the time the deed was executed or delivered, made any declaration, promise or agreement in writing that he would hold the land in controversy in trust

1. STATUTE OF FRAUDS: Promise of grantee to hold in trust.

for any one or for any purpose, or, holding it in trust, would convey it to any one the plaintiff should direct. If there was any such declaration, promise or agreement it was verbal and is void. *Mansf. Dig., Sec. 3382.*

2. ADVANCE-
MENT: Pur-
chase by father
and conveyance
to son.

It was admitted that plaintiff bought the land and paid the purchase money therefor, and caused his vendors to convey it to the defendant; and the defendant is the son of plaintiff. In the absence of other evidence, the presumption from these facts is, that the conveyance was intended to be an advancement and not a trust. But this presumption may be rebutted by evidence of facts, if any, showing that plaintiff's intention was that the defendant should take the land as a trustee, and not for his own benefit. "Such facts, however, must have taken place antecedently to, or contemporaneously with, the conveyance, or else immediately after it, so as so form, in fact, part of the same transaction." It may also be rebutted by parol declarations of plaintiff contemporaneous with, if any, but not by any of his declarations made subsequently to, the conveyance. This evidence is admissible to prove a resulting trust. *White & Tudor's Leading Cases in Equity, 4 ed., Vol. I, pt. 1, 330; 1 Perry on Trusts, Sec. 147; Milner v. Freeman, 40 Ark., 62.*

The evidence necessary to overcome the presumption of an advancement, in a case like this, and prove a resulting trust, must not only be distinct and credible, but preponderate. The acts proven should not be referable to a desire or duty of the father to provide for the son, or the natural reverence and submission due from children to their parents. If they are, the presumption of an advance is sustained. *White & Tudor's Leading Cases in Equity, Vol. I, pt. 1, 331; 1 Perry on Trusts, Sec. 146, and Sidmouth v. Sidmouth, 2 Beav., 447.*

The remaining question in the case is a question of fact. Was the conveyance to the defendant intended as an advancement or not? The evidence introduced and read in the hearing

of this cause, upon this question, is voluminous and much of it conflicting. We have read and carefully considered it and find the conveyance was intended to be an advancement.

The decree of the court is affirmed.