## WHITE v. WHITE.

1. ADVANCEMENT: *Purchase by father in name of son.*

A purchase of land by a father in the name of his son, is presumed to be an advancement. And this presumption will not be overcome by proof that the father took possession of the land, and after making improvements held it for the period of seven years, enjoying the rents and profits, paying the taxes, and claiming it as his own, with the knowledge of the son, and without objection or claim of ownership on his part, where it is also shown that the son was a minor at the date of the purchase, and during nearly all the time of the father's possession resided with the latter as a member of his family; and that the father, at the time of the purchase, declared that it was made for the son.

2. STATUTE OF LIMITATIONS: *Relation of parties.*

In such case in view of the relation between the parties, the father cannot avail himself of the statute of limitations to defeat an action brought by the son for the recovery of the land.

APPEAL from *Washington* Circuit Court in Chancery.

J. M. PITTMAN, Judge.

White v. White.

William J. White brought an action of ejectment against his father, J. S. White, to recover a tract of land, claiming title thereto under a conveyance executed to him in the year 1874 by E. D. Ham. The defendant interposed the statute of limitations as a bar to the action, and set up as a further defense that he paid all the purchase money for the land and that the conveyance to the plaintiff was in trust for his benefit. His answer was made a cross-complaint, by which he prayed for a decree divesting the plaintiff of title to the land and vesting it in himself. The cause was transferred to the equity docket. The answer to the cross-complaint admitted that the defendant purchased the land from Ham and paid the purchase money therefor, but denied that the conveyance was intended to create a trust, and alleged that it was made as an advancement from the defendant to the plaintiff. On the hearing the court below found that the defendant had held adverse possession of part of the land for seven years next before the suit was commenced and as to that part, decreed in his favor. For the recovery of the residue judgment was rendered for the appellant. The evidence showed that at the date of the conveyance W. J. White was a minor living with his father, and that after he became of age, and until his marriage in 1881, he continued to reside with his father as a member of the latter's family. He remained on the defendant's farm a year after his marriage, and during that year they were partners in cultivating the defendant's lands and also such part of the land purchased from Ham as had been reduced to a state of cultivation. The land in controversy was about two and a half miles from the defendant's, house and neither of the parties had ever resided upon it when this litigation was begun. It was entirely unimproved at the date of its conveyance to the plaintiff. Before 1879 about twenty-two acres had been fenced and put in cultivation. It was this improved part of the tract which the court found had been adversely held by the defendant. The plaintiff appears to have participated in

the work of improving and cultivating it under the defendant's direction and supervision. The defendant paid the taxes, and when all or any part of the improved land was rented it was done under a contract made with him, and the rents were paid to him. The plaintiff cultivated part of the land after he ceased to reside with the defendant, and the latter testified that this was done under an agreement to pay him rent. There was some other evidence tending to show that such an agreement was made. But the defendant in his testimony denied that he had ever rented any part of the land. The evidence discloses no controversy as to the title prior to the year 1886, in which the suit was brought. The defendant testified that Ham held the land under a tax title, and that he had the deed made to the plaintiff because he was advised that the title could be "better defended" in his son's name, and that he had no intention of giving the land to the plaintiff. One witness testified that about the date of Ham's conveyance the defendant exhibited to him a deed conveying the land in controversy to the plaintiff, and stated that it was made "as a deed of trust" to avoid trouble about the title. There was some evidence tending to show that the plaintiff had not claimed to be the owner of the land until a short time before bringing the suit. On the part of the plaintiff a witness testified that defendant, on the day the land was bought, stated that he purchased it for the plaintiff. Others testified to subsequent declarations made by the defendant at different times between 1875 and 1886, to the effect that the land was bought for the plaintiff or belonged to him. And one witness testified that the defendant stated a short time before the suit was commenced that he was unwilling to let the plaintiff have the land because his other children objected, and it would create trouble in his family.

L. *Gregg*, for appellant.

When a father causes conveyance to be made to the son, the law presumes it to be an advancement, and the proof must be clear and convincing that a trust only was intended. *44 Ark.*,

White v. White.

*365; 47 id., 62; 48 id., 17; 45 id., 481; 41 id., 62; 1 Ld. Cas.
in Eq. (4th Am. ed.), 314 et seq., notes to Dyer v. Dyer.* The
claim is stale. *41 Ark., 301.*

2. The proof fails to sustain the plea of adverse posses-
sion. *3 Wash. R. P., p. 141, \*491; Tyler Eject. (1st ed.), 861,
875, 885; 4 How., 289; Greenl. Ev., vol. 2, sec. 430, note 5;
Abbott's Tr. Ev., p. 715, par. 37.* The occupation of the father
by reason of relationship, was not hostile in its inception.
*8 Ark., 83; 10 id., 211.*

*J. D. & J. V. Walker, Sam H. West* and *B. R. Davidson,*
for appellee.

1. The proof shows that the deed was a trust for the ben-
efit of the father, and so recognized by the plaintiff and all
members of the family for years.

2. The father claimed and held adversely for the full
period of limitation after the son was of age, and the son
rented from him. *28 Ark., 153; 31 id., 471; 34 id., 547; 40 id.,
62, 69; 11 id., 249.*

PER CURIAM. The presumption of the law is that the pur- ADVANCE-
chase of the land in controversy was by way of advancement STATUTE
to the son. *Robinson v. Robinson, 45 Ark., 481.* The proof OF LIMI-
TATIONS.
does not overcome this presumption.

The statute of limitations does not aid defendant under the
facts of this case. The occupancy of each was with reference
to parental and filial duty. *White and Tudor's Leading Cases
in Eq., vol. 1, pt. 1, p. 331; Sidmouth v. Sidmouth, 2 Beavans,
447.*

The decree is reversed with costs, and the cause remanded
with direction to the Washington Circuit Court to enter a
decree giving plaintiff possession of the premises sued for.