<hr/>

## CULBERHOUSE *v.* CULBERHOUSE.

Opinion delivered November 3, 1900.

1. ADVANCEMENT—PRESUMPTION.—In the absence of clear evidence to the contrary, a gift of a horse and of an insurance policy from a father to his daughter will be presumed to be an advancement. (Page 408.)

2. SAME—VALUE OF INSURANCE POLICY.—The value of an advancement of a policy of life insurance payable to a daughter at her father's death should be estimated as of the time when her right of beneficial enjoyment accrued, which was at the death of the insured. (Page 408.)

Appeal from Craighead Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

### STATEMENT BY THE COURT.

This action was instituted in 1895 by Pattie W. Culberhouse, as plaintiff, against G. W. Culberhouse, as administrator of the estate of T. D. Culberhouse, deceased, Bank of Jonesboro, Hosmer Kelley, Farmers' Building & Loan Association of Nashville, Sallie Warner, Jennie V. Elder, Kathleen Pace, R. S. Culberhouse, T. D. Culberhouse, Jr., Mignon Culberhouse, and William and Mary Altman. Plaintiff prayed that she be assigned dower in the estate of her deceased husband, T. D. Culberhouse.

Defendant Farmers' Building & Loan Association of Nashville being a mortgagee of T. D. Culberhouse, prayed a foreclosure of its mortgage. The defendants William and Mary

Altman, minors, by their legal and natural guardian, W. D. Altman, and by their guardian *ad litem*, J. C. Hawthorne, filed their answer and cross-complaint. The defendant Mignon Culberhouse, a minor, by her legal guardian, J. H. Kitchens, Jr. filed her separate answer. The defendant T. D. Culberhouse, Jr., by his guardian *ad litem*, E. Parrish, filed his separate answer, and also his answer and cross-complaint. Defendants R. S. Culberhouse, Kathleen Pace, Sallie Warner, Jennie V. Elder and G. W. Culberhouse, as administrator, filed their separate answers and cross-complaints. Defendants in their answers and cross-complaints prayed that dower be assigned, that the advancements made by T. D. Culberhouse, deceased, to his several heirs be ascertained, and that they be charged therewith, and that the estate remaining be partitioned.

T. J. Elder, on behalf of defendants, testified that T. D. Culberhouse died in March, 1895; that in his lifetime he conveyed to defendant Jennie V. Elder 160 acres of land, of the value of $1,600, and to the defendant Sallie Warner 160 acres of land of about the same value as that conveyed to Jennie V. Elder; that he conveyed to the defendant Kathleen Pace a part of block in Cate's Addition to Jonesboro, of the value of $2,000.

G. W. Culberhouse, on behalf of defendants, testified: T. D. Culberhouse died March 29, 1895, leaving surviving him his daughters, Sallie J. Warner, Kathleen Pace, Jennie V. Elder and Mignon Culberhouse, a minor; his sons, R. S. and T. D. Culberhouse, Jr. (last named being a minor); and his grandchildren, William and Mary Altman, children of his daughter, Dora Altman, deceased. At his death T. D. Culberhouse had $15,000 life insurance, $2,000 payable to Kathleen Pace, which she received; $1,000 to Sallie J. Warner, which she received; $1,000 to Jennie V. Elder, which she received; $4,000 to T. D. Culberhouse, which he received; and $4,000 to Mignon Culberhouse, which she received. There was also a $5,000 policy payable to Sallie J. Warner, W. D. and R. S. Culberhouse, Virginia Lee Culberhouse (Jennie V. Elder) and Dora Altman, if living; otherwise, to member's representatives. Dora Altman and W. D. Culberhouse died before T. D. Culberhouse, and the $2,000 which were intended for them originally were paid to

witness as administrator of the estate. T. D. Culberhouse, Jr., got $1,000 from the New York Mutual Reserve, and Mignon Culberhouse $4,000 from the same company. The other amounts were paid by the Hartford Annuity. The different policies in the Hartford Annuity were of the same date. Mignon Culberhouse also got a horse of the value of $125. T. D. Culberhouse, Jr., got three horses. Witness never saw them. T. D. Culberhouse, Jr., sold one of the horses for $50. His father also conveyed him 12 acres of land south of town. The consideration recited in the deed was $250.

The decree rendered at the October term, 1896, recites the appearance of all parties—the adults by their attorneys, and the minors by their guardians; the filing of answers and cross-complaints by all the defendants, including the minors; the submission of the cause upon said answers and cross-complaints, the deeds of conveyance from T. D. Culberhouse, deceased, in his lifetime to his children, the policies of insurance in the Hartford Annuity Life Insurance Company and the Mutual Reserve Fund Life Association, together with a statement from said companies of the amount of premiums paid thereon, and an abstract of title to the lands described in the complaint. The court finds that all parties, including the minors, were duly served with summons. The decree assigns dower and homestead to the widow, as shown by the evidence. The only exception upon which this appeal is based is as follows: "And J. H. Kitchens, Jr., guardian of Mignon Culberhouse, a minor defendant herein, by attorney excepts to so much of the decree of the court as charges said minor with the sum of $4,000, received from a policy of insurance on her father's life, as an advancement, as well as the charge of $125 for a horse. which is by the court decreed to be an advancement to said minor, and asks that his exception be noted of record, which is accordingly done, and said guardian prayed an appeal to the supreme court, which is granted by the court."

*Ira D. Oglesby,* for appellant.

The evidence does not support the finding as to the advancement of the horse. If the insurance policy be held to be an advancement, appellant should have been charged with the

value of the advancement, at the time it was made. Sand. & H. Dig., § 2486. The only possible charge that could be made, as by way of advancement, against deceased would be the actual amount of premiums paid or the cash value of the policy at the time of the last payment. The mere fact that appellant was named as beneficiary of the policy did not make out a case of advancement to her.

*Allen Hughes, J. C. Hawthorne* and *N. F. Lamb*, for appellees.

The evidence as to the horse clearly sustains the court. Appellant was properly charged with the value of the policy as an advancement. 92 Tenn. 576; 69 N. W. 438; 38 N. E. 199; 24 S. W. 879; 10 S. E. 1076; 17 S. W. 1035. The presumption is that what a parent transfers to a child is an advancement, and not a gift. 41 Ark. 301; 45 Ark. 481; 48 Ark. 17; 51 Ark. 188; 54 Ark. 499. Chancery has jurisdiction over advancements. 20 Ark. 265; 45 Ark. 481; 41 Ark. 301; 51 Ark. 530; 40 Ark. 62; 52 Ark. 188.          •

HUGHES, J., (after stating the facts.) We are of the opinion that the evidence in the case shows that the appellant Mignon Culberhouse received from her father one horse of the value of $125 and an insurance policy upon his life in the sum of $4,000, upon which she received $4,000; that it does not clearly appear that said horse and said policy of insurance were intended as gifts, and they must be held to be advancements to the said Mignon Culberhouse. *Robinson v. Robinson*, 45 Ark. 481; *White* v. *White*, 52 Ark. 188.

The material question in this case is, how shall the value of the advancement be estimated. Shall it be at the date of the insurance policy, at the date of the payment of the last premium, or at the death of insured? Section 2486 of Sandels & Hill's Digest, under the head of Advancements, provides that "the value of any real or personal estate so advanced shall be deemed to be that, if any, which was acknowledged by the person receiving the same by any receipt in writing specifying the value; if no such written evidence exists, then such value shall be estimated according to its value at the time of advancing

such money or property." We are of the opinion that the value of the advancement of the policy of insurance should be estimated as of the time of the right of possession or beneficial interest accrued, which was at the death of the insured, the father of the beneficiary. We think this view of the case is in consonance with equity, and what is presumed from the facts in this case to have been the intention of the father, and that it is supported by the case of *Cazassa* v. *Cazassa*, 92 Tenn. 576. Not until the death of the insured did the beneficial interest in the policy accrue, and the beneficiary thereafter received $4,000 upon the policy. There are only two cases upon this question, it seems,—the one cited here from 92 Tenn. and the other is *Rickenbacker* v. *Zimmerman*, 10 So. Car. 110, in which latter case it is held that the value of the insurance at the time it was taken out, and the first premium paid, together with all premiums subsequently paid, must be treated as an advancement. Reported in 30 Am. Rep. 37, and cited in 1 Am. & Eng. Enc. Law, p. 217.

The decree of the chancellor is affirmed.