## GOODWIN *v.* PARNELL.

Opinion delivered November 16, 1901.

ADVANCEMENT—PRESUMPTION.—A voluntary conveyance of land by a father to his son will, in the absence of evidence to the contrary, be presumed to be an advancement.

Appeal from Union Circuit Court.

CHARLES W. SMITH, Judge.

*Smead & Powell,* for appellant.

Money expended in the maintenance and education of a child is not deemed an advancement unless the same clearly appears to have been the parent's intention. 104 N. Y. 74; 80 Am. Dec. 555; 12 L. R. A. 566; 1 Am. & Eng. Enc. Law (2d Ed.), 760; 41 U. S. 769. Declarations of the purchaser before or at the time of the purchase may be shown as throwing light on the question of intent of the grantor. 169 U. S. 397; 1 Perry, Trusts, § 147; 2 Pom. Eq. Jur. § 1041; 45 Ark. 451; 40 Ark. 62; 12 Ark. 782; 1 Greenleaf, Ev. § 108. Declarations reasonably connected with the execution only considered. 71 Ga. 544; 63 Ga. 705; 70 Am. Dec. 85; 76 N. Car. 445. An existing indebtedness from parent to child raises a presumption of an intention to pay, rather than an advancement. 66 N. Car. 345; 6 Rand. 176; 18 Am. Dec. 710.

*Thornton & Thornton,* for appellee.

Surrounding circumstances, as a part of *res gestae,* may always be shown. They must be contemporaneous with the main fact, and illustrate its character. 1 Greenleaf, Ev. § 108.

BATTLE, J. Pearl Parnell instituted an action against Leon Goodwin, and alleged in her complaint therein, substantially, as follows: That she and the defendant were the only children of G. P. Goodwin; that G. P. Goodwin died intestate on or about the 25th day of July, 1895, and left them his only heirs him surviving; that at the time of his death he was seized in fee simple of certain lands, amounting to 800 acres, more or less; that G. P. Goodwin, in his life time, by deed of gift, conveyed to the defendant and to Knox Andrews, his step-son, each, an undivided half interest in certain other 480 acres, described in her complaint; that the undivided half interest was conveyed to the defendant as an advancement, which should be accounted for in the division of his estate between his children after his death; and asked that the lands of the estate of their father be divided between them, and that the real estate conveyed to the defendant be charged against him in the division, and that land of equal value be allotted to her, and that the remainder be equally divided between them.

"Defendant answered, admitting that he and the plaintiff were the only children and heirs at law of G. P. Goodwin, and that G. P. Goodwin, during his lifetime, had conveyed to him and Knox Andrews, a step-son of deceased, each, a one-half undivided interest in the land described in plaintiff's bill, and that defendant was then the owner of said one-half undivided interest. He

denied that said transfer was intended as an advancement to him, to be accounted for in the final distribution of the estate, but stated that said conveyance was based upon a valuable consideration."

The evidence adduced at the hearing of the cause clearly proved that the land conveyed to the defendant was a gift, but was conflicting as to the intention of the grantor to convey it as an advancement.

The court, having heard the evidence, found that G. P. Goodwin died intestate, and left plaintiff and defendant his sole heirs; that at the time of his death he was the owner in fee simple of certain lands described in the decree; that prior to his death he gave to the defendant an undivided half interest in certain other lands, also described in the decree, as an advancement; and that the lands so given were of the value of $1.25 per acre; and ordered and decreed "that the prayer of the petitioner be granted, as to the partition and division of the estate of G. P. Goodwin, deceased, between plaintiff and defendant, and that in the partition and division of the estate the defendant be required to place said undivided one-half interest, given him by his father, into said estate, or, in lieu thereof, at his election, to be charged with the same at the rate of $1.25 per acre," and appointed commissioners to carry the decree into effect; and the defendant appealed.

The conveyance of land by G. P. Goodwin to his son, Leon Goodwin, being voluntary, in the absence of evidence to the contrary, is presumed to be an advancement, the presumption being that a parent intends "that all his children shall equally share in his estate, not only in what remains at his death, but equally in all that came from him." The doctrine of advancement is invoked to effectuate this intention. 2 Woerner, Administration (2d Ed.), §§ 552, 555, and cases cited.

The preponderance of the evidence adduced at the hearing of this cause sustains the presumption as to the intention of Goodwin as to the advancement.

Decree affirmed.