MARY SEWELL, LOUIS TAYLOR, JESSE TAYLOR, BARNIE
T. WILSON, TAYLOR STAPLETON, ROBERT STAPLETON,
W. H. TAYLOR, JOSIE WILSON and JAMES N. WIL-
SON, HER HUSBAND, BULAH PENDER and W. T. PEN-
DER, HER HUSBAND, *Appellants,* v. W. H. EVERETT
AND W. E. EVERETT, *Appellees.*

ADVANCEMENTS—PRESUMPTIONS AS TO—BURDEN OF PROOF.

A voluntary conveyance of land by a parent to a child is presumed
to have been intended as an advancement, and the burden of
proof is on the party claiming that it is not.

This case was decided by the court En Banc.

Appeal from the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the
court.

*Liddon & Carter,* for Appellants;

*J. M. Calhoun,* for Appellees.

TAYLOR, J.—The appellees, as complainants below, filed their bill in equity against the appellants as defendants below, in the Circuit Court of Jackson County for partition of 520 acres of land in said county. The bill alleged in substance that said land was owned by one Peter Taylor at the time of his death, and who died intestate; that said Peter Taylor had six children, viz: Lydia Taylor, W. H. Taylor, Mary Taylor, Louis Taylor, Jesse Taylor and Rena Taylor. That Lydia Taylor intermarried with one H. C. Everett, and died intestate prior to the death of her father, Peter Taylor, leaving surviving her two children, the complainants, W. H. and W. E. Everett, who are her sole heir at law to her interest in the estate of her said father; that Rena Taylor married one Robert Stapleton, and, since the death of her father, has died intestate, leaving as her heirs at law her children, Robert Stapleton, Taylor Stapleton and Barnie Stapleton, who subsequently married one Percy Wilson; that Mary Taylor married one Hillery Sewel, who has since died; that through their said mother, Lydia T. Everett complainants are entitled between them to one-sixth interest in said land. The defendants answered the bill admitting all the allegations thereof except that it denies that the complainants are entitled to a one-sixth interest in said 520 acres of land, but alleges that after the marriage of said Lydia Taylor, the mother of complainants, her father, the said Peter Taylor, who then owned 600 acres of land and then had six living children, conveyed to her for her permanent home eighty acres of said land in consideration of natural love and affection, and the nominal sum of one dollar,

and that said Lydia with her husband settled upon and lived upon said land, and that said conveyance to her by the said Peter Taylor was an advancement made to her during the life of said Peter Taylor of so much of her interest as an heir at law in his estate, and that said advancement should be brought into hotch pot and deducted from the interest in said estate of her surviving heirs at law.  This answer was excepted to, but the exceptions were overruled, and replication was filed and a master appointed who took and reported the testimony. At the hearing the court below found for the complainants that said conveyance to their mother was not an advancement, and that they were entitled to a one-sixth interest and share in said 520 acres of land and were entitled to a partition thereof as prayed.  For review of this decree the defendants below bring the case here by appeal.

Since the appeal in the case it has been suggested on the record that Mary Sewell has died and her heirs at law, Josie Wilson and James N. Wilson, her husband, and Bulah Pender and W. T. Pender, her husband, have been substituted as parties appellants here in her place and stead.

The court below erred in making this decree.  The proof showed that the common ancestor, Peter Taylor, during his life owned 600 acres of land and had six living children; that the mother of the complainants, Lydia Taylor, his daughter, married H. C. Everett during her father's lifetime, and was very poor and without a home, and that her father, Peter Taylor, in consideration of natural love and affection and the nominal sum of one dollar conveyed to her eighty acres from his 600 acre tract, leaving the 520 acres in dispute, and that she and her husband settled thereon and lived there as their

home. The proof shows further that the said Peter Taylor prior to his death also divided out equally among his six children the cash that he had on hand, giving to each of them $200 apiece. Some of the defendants undertook to testify to the declarations of said Peter Taylor to the effect that said conveyance to his daughter Lydia was intended by him as an advancement to her out of his estate, and that his desire and intention was that each one of his six children should have one hundred acres of his land at his death. This testimony was objected to, and, under our statute was inadmissible coming as it did from interested parties. Thornton on Gifts and Advancements, p. 615. Excluding this evidence there was no evidence in the cause as to the intentions of the donor, Peter Taylor, when he made the conveyance to Lydia Everett as to whether it was to be an independent gift or an advancement chargeable against her interest in his estate as an heir. The donor then owned 600 acres of land and had six living children. One of them marries and is without a home, he conveys to her for a nominal consideration in fee nearly one-sixth of his entire real estate. Without explanation the legal presumption under these circumstances is that this was an advancement to her, chargeable against her ultimate inheritance in his estate. Thornton on Gifts and Advancements; §600; Goodwin v. Parnell, 69 Ark. 629, 65 S. W. Rep. 427; Hattersley v. Bissett, 51 N. J. Eq. 597, 29 Atl. Rep. 187.

A voluntary conveyance of land, by a parent to a child is presumed to have been intended as an advancement, and the burden of proof is on the party claiming that it is not. Scott v. Harris, 127 Ind. 520, 27 N. E. Rep. 150; Ruch v. Biery, 110 Ind. 444, 11 N. E. Rep. 312; Holliday v. Wingfield, 59 Ga. 206.

The complainants failed utterly to meet this burden in this case, and the court below under the circumstances should have decreed the conveyance to Lydia T. Everett to have been an advancement to her and that the property conveyed to her should be brought into hotch pot and the interests of the complainants as the heirs of said Lydia T. Everett in the remaining lands of the estate of the donor, Peter Taylor, deceased, sought to be partitioned should be charged therewith in proportion to its value at the time it was conveyed to their said mother.

The decree of the court below appealed from in said cause is hereby reversed and the cause remanded with directions for the entry of a decree in said cause in conformity with this opinion, the cost of this appeal to be taxed against the appellees.

All concur except PARKHILL, J., absent on account of illness.