TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.

---

W. H. TAYLOR *et al., Appellants,* v. W. H. EVERETT, *et al., Appellees.*

Where an advancement has been made by a parent to his child the value of the advancement at the time it was made should be brought into hotchpot, and no interest should be charged on the advancement before it is called into hotchpot.

This case was decided by Division A.

Appealed from the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Paul Carter,* for Appellants;

*Calhoun & Campbell,* for Appellees.

WHITFIELD, C. J.—On a former appeal in this cause it was ordered that certain property given by the intestate during his life to a daughter be brought into hotchpot. Sewell v. Everett, 57 Fla., 529, 49 South. Rep., 187. In the subsequent proceedings the trial court decreed that upon bringing $120.00 into hotchpot, as the value of the advancement when made, the heirs of the daughter to whom the advancement was made, be allowed to participate in the estate. On appeal from this decree it is contended that interest from the death of the intestate should have been added to the $120.00 brought into hotchpot.

Section 2302 of the General Statutes of 1906 provides that: "when any of the children of the person dying intestate shall have received from such intestate, in his lifetime, any real or personal estate by way of advancement, and shall choose to come into the partition of the estate with the other parceners, such advancement, both of real and personal estate, shall be brought into hotchpot with the whole estate, real and personal, descended; and such party bringing into hotchpot such advancement as aforesaid, shall thereon be entitled to his or their proper portion of the whole estate so descended, both real and personal; and the value of the estate so advanced as aforesaid shall be estimated at the time of advancement and not at the death of the testator."

This statute expressly provides that "the value of the estate so advanced  *  shall be estimated at the time of

advancement," and the statute does not contemplate the payment of interest on advancements made and brought into hotchpot.

The court in its decree found that all the land of the intestate "acre for acre to be the same on an average and that the value of all of said lands at the date of the" advancement "was the same, and that all of said lands * *  was worth the sum of $1.50 per acre." The advancement here involved was eighty acres of the land. In decreeing that $120.00, the value of the advancement when made be brought into hotchpot the statute was observed.

An advancement being a gift and not a debt, interest is not charged on the value of the advancement at least until after the advancement is required to be brought into hotchpot, unless a contrary intent of the intestate appears, since the intestate and the law intend the benefits to accrue from the advancement, and the person receiving the advancement may elect to keep the advancement and thereby relinquish a right to participate in the distribution of the intestate's estate. See Towles v. Roundtree, 10 Fla., 299; Davis v. Hughes, 86 Va., 909, 11 S. E. Rep., 488; Harris v. Allen, 18 Ga., 177; Hannah v. Winburn, 7 In. Eq. (N. C.) 142.

Any advantage that may accrue to a child from an advancement may be regarded as intended by the parent, and the statute requires an accounting for only the value of the advancement at the time it was made.

The decree is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.