LATINER v. MOORE.

Opinion delivered March 20, 1922.

1. DESCENT AND DISTRIBUTION—ADVANCEMENT—EVIDENCE.—In partition where the interest of certain parties depended on whether their mother received a conveyance of a tract of land as an advancement from her father or as a gift, the impressions of her brother, who was a small child when the father died, obtained from what the father told him, and not from an inspection of the lost deed, was insufficient to show that the conveyance was intended as an advancement.

2. DESCENT AND DISTRIBUTION—ADVANCEMENT—PRESUMPTION.—From the fact that a father conveyed land to his daughter, the law will presume that an advancement was intended.

578          Latiner *v.* Moore.          [152

3. Descent and distribution—advancement—sufficiency of evidence.—In an action to quiet title, evidence *held* to show that a daughter received a conveyance of land from her father as a gift and not as an advancement, in view of its character, value and condition.

Appeal from Monroe Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Lee & Moore* and *Bogle & Sharp,* for appellant.

Although the land was conveyed to Mrs. Moore by her father as a gift, we think the evidence conclusively shows that she accepted same in full as her distributive share of his estate. 104 Cal. 570; 30 Ga. 291; 58 Ill. 105; 59 Ind. 39; 46 Iowa 456; 40 Me. 24; 4 Mass. 680; 158 Mich. 256; 17 N. H. 515; 23 N. J. 321; 24 N. Y. 627; 58 N. C. 211; 63 Pa. 443; 4 Tenn. (Sneed) 258; 37 W. Va. 143; 78 Wis. 367.

A parent has a lawful right to advance to the child the full portion of his estate that it would be entitled to at his death. 41 W. Va. 8.

An heir who has attained his majority has a right to accept presently in advancement his full share of the estate of the parent. 158 Mich. 256; 4 Mass. 680; 114 Ill. 603; 4 N. E. 137; 7 N. E. 287; 46 Ia. 466; 3 Met. (Mass.) 121; 37 Am. Dec. 126; 41 W. Va. 823; 40 Me. 24; 63 Am. Dec. 651; 29 Ont. 609.

A relinquishment by an heir to his ancestor of his expected inheritance inures to the benefit of the other heirs, after the death of the ancestor. 132 Ill. 443.

Equity will enforce an agreement between father and child whereby the father conveys a portion of his estate to the child in full of all future claims against said estate. 84 Ark. 379; 17 N. H. 551; 102 Ill. 307; 59 Me. 214.

*C. F. Greenlee,* for appellee.

Humphreys, J. This is an appeal from a decree rendered by the Monroe Chancery Court in a partition suit wherein it was decreed that Charles Moore, Gladys Moore, Thomas Moore, Roy Moore, and Romey Moore, children and heirs at law of Rachael Moore, deceased,

were entitled to an undivided one-fourth interest in the lands sought to be divided. The issue of whether or not they were entitled to any portion of said lands in the division thereof depends upon whether their mother, Rachael Moore, received her share of the estate of her father, J. T. Parker, from him during his life by way of advancement. Prior to his death, about 1890, J. T. Parker owned a farm in said county of about 500 acres, a considerable portion of which was in cultivation. During his lifetime he conveyed 80 acres to Nellie Jane Bullin, one of his daughters, as her full interest in the estate. He also conveyed forty acres of the land, which had not been opened, worth about $200, to his daughter, Rachael Moore, which she and her husband moved upon and improved. At the time of his death J. T. Parker left him surviving his widow, Elizabeth Parker, who survived him several years, and six children. Ben Parker claimed no interest in the estate, having sold his undivided interest to Charles McMillan, who afterwards had said interest, consisting of 109 3-4 acres, assigned to him by the Monroe Chancery Court as his share in said estate. The undisputed evidence revealed that Nellie Jane Bullin had received 80 acres as her full part of said estate, and it was ascertained and decreed that her heirs were not entitled to any interest therein.

The testimony tending to show that Rachael Moore received 40 acres in full of her interest in said estate was proof to the effect that a deed thereto was made by her father and delivered to her, which deed was lost and not placed on record, and the statement of her brother, Ben Parker, to the effect that it was his impression that the 40 acres was deeded to his sister, Rachael Moore, as her part in said estate, and that the deed was supposed to have stated that fact. Ben Parker, who was a small child when his father died, stated that his impressions were not obtained from an inspection of the deed, but from what his father told him. This evidence is insufficient to show that Rachael Moore received the 40-acre tract in

question as an advancement of all her interest in the estate of her father, and, we also think, insufficient to show that the conveyance of said tract to her was intended as an advancement at all. The contents of the lost deed were established by the impression only of a witness who received the impression when he was a small child, and who got the impression from what his father told him, and not from an inspection of the deed. The only weight that can be attached to the lost deed, under the circumstances, is that it was executed and delivered to Rachael Moore. From that fact alone the law, in the absence of evidence to the contrary, will presume it an advancement. *Watson* v. *Murray,* 54 Ark. 499; *Culberhouse* v. *Culberhouse,* 68 Ark. 405; *Goodwin* v. *Parnell,* 69 Ark. 629; *Cotton* v. *Citizens' Bank,* 97 Ark. 568. We think, however, that there is sufficient evidence in the case to the contrary tending to show that the conveyance was a gift, and not an advancement. Mrs. D. J. Banks testified that she heard Rachael Moore say that the forty acres in question was land given her by her father. The 40 acres conveyed was wild land and on the outskirts of the farm. The amount of acreage was less than her share; it did not equal her share in value. The conveyance included no part of the lands in cultivation. If J. T. Parker had intended the conveyance of the 40-acre tract as an advancement, there is no reason why he should not have given her a full share in acreage and value. There was ample land to have done so, for his farm consisted of about 500 acres. When he conveyed his daughter Nellie Jane Bullin her share, he conveyed her 80 acres, or about one-sixth of the 500-acre tract. When the share of Ben Parker was assigned and set off, it consisted of 109 3-4 acres, more than his full share in acreage, but perhaps an amount in value equal to his share.

Considering the time at which the 40-acre tract was conveyed to Rachael Moore, the small amount, its value, and character, being wild and no part of the improved or cultivated lands, the conclusion is almost irresistible

that the conveyance was intended as a gift, and not as an advancement. The chancellor so found, and, after a very careful analysis of the testimony, we are unable to say that the finding of the chancellor was contrary to the clear preponderance of the evidence.

The decree is affirmed.

WOOD, J., dissents.