CLEMENT *v.* BLYTHE.

4-9812                                    248 S. W. 2d 883

Opinion delivered May 19, 1952.

*Clark & Clark,* for appellant.

*George F. Hartje,* for appellee.

GEORGE ROSE SMITH, J. This is a controversy between W. R. Blythe's three daughters and his one son with reference to the division of the 310 acres that Blythe owned at his death intestate in 1932. Blythe's widow died in 1948, and after her death this partition suit was brought. The only disputed issue is whether an additional 75 acres, which Blythe conveyed to his son, the appellee, in 1930, should be treated as an advancement and considered as part of the estate in the partition. The chancellor, holding that the 1930 conveyance was not an advancement, awarded the appellee a one-fourth interest in the 310 acres without regard to the fact that he had received the 75-acre tract during his father's lifetime.

In 1929 Blythe and his wife were living alone in Faulkner County, the four children having married and moved away. In December of that year Blythe proposed to his son that if the latter and his wife would come back and live in the vicinity of his parents they would convey to the son the 75-acre tract. The appellee accepted this offer, gave up his job in Pulaski County, and went back to Faulkner County. Mr. and Mrs. Blythe then conveyed the tract to their son, the deed reciting that the son should live with and take care of his parents for the rest of their lives, else the deed would be void. The appellee lived in the family home until 1934, when he built a house on the 75-acre tract. This land is only a few hundred yards from the homestead and was occupied by the appellee until his mother's death in 1948. Neither parent is shown to have complained that their son failed to carry out his bargain in any respect, and the appellants do not ask that the 1930 deed be canceled on the theory that the appellee should have done more for his parents than he did.

To this point the testimony does not show an advancement. An advancement is a gift—usually a substantial gift—which the parent intends to be charged against the donee's share of the parental estate if the donor should die intestate. But if the conveyance does not amount to a gift, for the reason that full value is

given by the child, then it is not an advancement. *Holland v. Bonner,* 142 Ark. 214, 218 S. W. 665, 26 A. L. R. 1101. In this case the appellee gave up his work in Pulaski County and lived with or near his parents for eighteen years, in return for property that was worth about $900 in 1930. There is lacking that absence of consideration that is an essential element of a gift. In point are *Day v. Grubbs,* 235 Ky. 741, 32 S. W. 2d 327, 72 A. L. R. 323, and *In re Allen's Estate,* 207 Pa. 325, 56 A. 928.

Nevertheless the appellants insist that Blythe, Sr., was attempting to divide his holdings among his children when he conveyed the 75-acre tract to the appellee in 1930. There is proof that on the same day Blythe executed three deeds: First, the deed to his son, which we have described; second, an undelivered deed to one of his daughters which would have conveyed eighty acres; and third, an undelivered deed to his wife and a second daughter which would have conveyed the same land that was given to the appellee. It is forcefully argued that the simultaneous execution of these three deeds shows that Blythe's purpose was to divide his estate among his children.

There is a presumption that a parent's substantial gift to one of his children is intended as an advancement. *Holland v. Bonner, supra.* This presumption is based on the belief that a parent means to treat all his children alike, but by its nature the presumption is not an especially strong one. There may evidently be many reasons for a parent to think that one of his children should receive more than an exact share of the estate. Hence it has been said that "all such presumptions may be readily overcome by proof of actual intent." Schouler on Wills, Executors, and Administrators (6th Ed.), § 3114.

Our decisions, however, reflect some conflict as to the *quantum* of proof needed to rebut the presumption of an advancement. The earlier decisions do not indicate that anything more than a preponderance of the evidence is required to overcome the presumption. *Goodwin v. Parnell,* 69 Ark. 629, 65 S. W. 427; *Holland v. Bonner,* 142 Ark. 214, 218 S. W. 665, 26 A. L. R. 1101; *Latiner v.*

*Moore,* 152 Ark. 577, 239 S. W. 32. In effect these cases hold that the presumption (a) dispenses with the necessity of proving that the parent consciously intended an advancement, and (b) casts on the opposing party the burden of going forward with evidence to rebut the presumption.

However, in the case of *Jackson* v. *Richardson,* 182 Ark. 997, 33 S. W. 2d 1095, we indicated that the evidence to overcome the presumption must be clear and convincing. To support this statement we cited *Robinson* v. *Robinson,* 45 Ark. 481, and 1 R. C. L. 668. The *Robinson* case is distinguishable, as there a father was attempting to show that a deed made to his son was intended to create a resulting trust in favor of the father. We merely followed the general rule that the testimony to engraft a resulting trust upon an absolute deed must be clear and convincing. While the statement in Ruling Case Law does indicate that strong evidence is required to rebut the presumption, we do not regard the text as a correct declaration of the law. The substance of the R. C. L. rule is repeated in 1 Am. Jur. 766, supported by a citation to *Holland* v. *Bonner, supra,* and other cases. There is nothing in the *Holland* case to indicate that clear and convincing proof is necessary; on the contrary, the court spoke only of a preponderance of the testimony. After the publication of American Jurisprudence the Supreme Court of Iowa pointed out that the Iowa cases cited do not support the text. *In re Wiese's Estate,* 222 Iowa 935, 270 N. W. 380. As a result of this case the editors of American Jurisprudence have now receded from their position and state in the current supplement that the text should not be taken to mean that clear and convincing evidence is needed to rebut the presumption of an advancement.

We agree with Schouler's view that the presumption may be readily overcome. In the case at bar a preponderance of the testimony shows that the conveyance to the appellee was not meant as an advancement. Indeed, the contemporaneous execution of the other two deeds supports this conclusion. Those deeds were not

introduced at the trial; the witnesses testified only as to their recollection of a transaction that occurred twenty years earlier. Since the deed to the appellee required him to live with his parents for the rest of thir lives, it is fair to suppose that Blythe, Sr., inserted a similar clause in the deeds to his daughters. When we note that neither daughter returned to Faulkner County in 1930 and that neither of the other deeds was delivered, we think the natural inference is that the conveyances were offered as an inducement for the return of the children and that the appellee alone accepted the offer.

Affirmed.