COWART, Judge.
This case involves an “advancement” to one beneficiary of a trust.
On July 30, 1962, Margaret F. Coogler, as settlor, conveyed 160 acres to her daughter, appellant Jane West, in trust for the use and benefit of the settlor during her lifetime with remainder in trust for the use and benefit of her four children: appellant Jane West, appellee Vivian V. Coogler, Jr., appellant William F. Coogler, and Theodore Jack Coogler. The deed of trust provided that the trust expired 20 years from its date and that if any of the four children died prior to the expiration of the trust that child’s interest would pass in equal shares to the surviving beneficiaries. Upon termination the corpus was to be distributed equally to the surviving beneficiaries. This was a spendthrift trust precluding any alienation of any interest therein by any beneficiary. This deed of trust was not recorded until March 3, 1964, and between the date of its execution and its recording an event took place that causes this legal controversy. On February 24, 1964, Margaret F. Coogler deeded her son Vivian V. Coogler, Jr., and his wife Clara, a quarter (40 acres) of the property included in the trust deed. On January 4, 1967, Vivian V. Coogler, Jr., deeded the forty acre tract he obtained from his mother to a third party. Whether or not that third party was a purchaser for value without notice of the trust deed is not an issue in this case. In 1968 one of the four children, Theodore Jack Coogler, died and in 1969 the mother died. In 1969, soon after his mother’s death, Vivian V. Coogler, Jr., executed a fee simple deed to Jane West purporting to *814 convey all of his interest in the 160 acres described in the trust deed. This fee simple deed did not refer to the deed of trust.
In 1979 Vivian V. Coogler, Jr., brought this action for declaratory decree and accounting, claiming a one-third interest in the corpus of the trust, being the 120 acres remaining of the 160 acres after deducting the 40 acres deeded to Vivian. Jane West and William F. Coogler answered alleging that as the result of the 1969 deed from Vivian V. Coogler, Jr., to Jane West, Vivian V. Coogler, Jr., had no interest in the trust corpus. Vivian V. Coogler, Jr., replied that because the spendthrift trust precluded any beneficiary from alienating his interest in the trust, his 1969 deed to Jane was invalid. The testimony at trial added little to the facts reflected by the record of these deeds. Appellee Vivian testified on September 3, 1981, that he knew nothing about the trust or trust deed until “about three years ago.” Vivian’s son gave testimony to indicate that Vivian may have learned of the trust deed in either 1969 or 1970. Although Vivian admitted his signature on the 1969 deed to Jane as being genuine he did not remember anything about that deed. He also disputed Jane’s testimony that in 1969 he told Jane that he was making the deed to her because he had received his share of the 160 acres. The trial court found that Vivian did not know of the existence of the trust deed in 1964 when he obtained the deed from his mother of the 40 acres or when he made the 1969 deed to Jane West and that the latter deed did not in law constitute a renunciation or waiver of his rights under the trust. We agree so far.
However, the trial judge also found that the conveyance of the 40 acre tract by the mother to Vivian did not constitute an advancement on his interest under the trust deed and that, assuming that the three children survived the termination of the trust on July 31, 1982, Vivian would share the remaining 120 acres equally with appellants Jane West and William F. Coogler. With this legal conclusion, we disagree.
In a strict technical s'ense, the legal definition of an “advancement” is an inter vivos gift made by a. parent-to a child with intent that such gift represents a part or the whole of the donor’s estate that the donee would inherit on the death of the donor.[1] However, the concept of an advancement rests on an ancient equitable doctrine that applies with equal force and logic to the inter vivos trust in this case. The doctrine of advancements was the subject of statutory enactments in England (22 & 23 Car. II 1682-1683) that are a part of our common law[2] and rests on the assumed desire of a parent to equalize his estate among his heirs, not only as to property owned at death but as to all property that went from him to his children, so that one child will not be preferred to another in the final settlement of his estate. The doctrine has been applied to advancements made by a trustee to beneficiaries under the trust and there is no apparent reason it should not be applied to advances made by a set-tlor in the unusual case, as here, where the settlor, a parent, was able to effectively make a conveyance of part of the trust corpus to a child beneficiary even after the corpus had been legally conveyed to a trustee. Whether a particular transfer is an advancement or not is one of intent[3] and the relevant intent is that of the person making the gift and not that of the donee. Therefore, whether or not Vivian V. Coo-gler, Jr., knew of the trust at the time he received the 40 acres from his mother is irrelevant and immaterial. Vivian V. Coo-gler admitted that he paid his mother nothing for the 40 acres. In addition to a presumption [4] the testimony of Jane West as to *815 her mother’s intent was made without objection and is uneontradicted. As to why the mother gave the 1964 deed of 40 acres to Vivian V. Coogler, Jr., in her deposition Jane West testified, “she said he just was pressuring her and she felt he needed it at that time instead of later.” At trial Jane West, referring to her mother’s 1964 conveyance, of the 40 acres to Vivian V. Coogler, Jr., said, “she really just considered it an early inheritance. She said he needed it now was the way she explained it to me.” Since advancements to a child can be made by a transfer to the spouse of the child it is immaterial that the 1964 deed from the mother was to Vivian V. Coogler, Jr., and his wife Clara.
Therefore we hold that the conveyance of 40 acres by the settlor to Vivian V. Coogler, Jr., constituted an advancement and that for the purposes of distribution the 40 acres should be grouped, hotchpot, with the remaining trust corpus and treated as an advancement and, in this case, charged, not by valuation but in kind as 40 acres against the interest of Vivian V. Coogler, Jr., in the trust corpus. The effect of this is that Vivian V. Coogler will share with Jane West and William F. Coogler the share that their brother Theodore Jack Coogler would have received had he survived, subject to a proportional share of all credit due the trustee on accounting including the cost of this litigation.
AFFIRMED in part; REVERSED in part; REMANDED for further proceedings.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.

. The Florida Statute on advancements, § 733.-806, Fla.Stat., does not appear to be inconsistent with the common law. The statute relates only to intestate estates and the special limitations therein likewise relate only to intestate estates.

. § 2.01, Fla.Stat. (1981).

. Lindsay v. Platt, 9 Fla. 150 (1860).

. Sewell v. Everett, 57 Fla. 529, 49 So. 187 (1909). See generally, Annot: Presumption and Burden of Proof With Respect to Advancement, 31 ALR2d 1036.