## WARD v. THE ESTATE OF WARD.

1. **MARRIED WOMAN:** *Her separate rights under constitution of* 1874.
   The effect of the constitution of 1874 is to make all property thereafter acquired by a woman who is, or may afterwards become, *covert*, her separate property, as effectually as if conveyed to her by deed to her separate use.

2. **SAME:** *Advancements from husband, presumed to be gifts.*
   If a husband purchases property and has it conveyed to his wife, or expend money in improving her property, the advances will be presumed to be gifts. The law will not imply a promise on her part to repay them.

APPEAL from *White* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

Ward v. The Estate of Ward.

### REPORTER'S STATEMENT.

Ward purchased a town lot in Beebe, in White county, and had it conveyed to his wife; and afterwards made improvements on it at his own expense. After her death he made out his account for the cost of the lot and improvements, and presented it to the probate court for allowance against her estate. The court rejected the claim, and he appealed to the circuit court, and there filed a formal complaint, setting up the above facts; to which the court sustained a demurrer filed by the heirs of the wife, and he appealed.

*Coody*, for appellant:

Cited *Const. of* 1868, *Art. XII, sec.* 6; *Act of* 1873; *Gantt's Digest, secs.* 4193, 4195, 4197; *Const. of* 1874, *Art. X, sec.* 7; contending that the effect of these enactments is to change the old rule that money paid on account of wife's property is to be considered an advancement.

Deed absolute on its face, can not be limited or restricted by inconsistent provisions. 31 *Ark.*, 18; 21 *ib.*, 526.

Married woman may deal with her property as a *femme sole. Perry on Trusts, secs.* 654, 5 and 6, 658; 29 *Ark.*, 447. And may make it liable verbally for improvements. 32 *Ark.*, 445; 1 *Bishop on Married Women, sec.* 167. She may convey to her husband, or he may administer and take to his own use. *Perry on Trusts, secs.* 667 and 8, 680, 675.

She may contract with her husband for improvements. 32 *Ark.*, 445.

*B. D. Turner*, for appellee:

Money spent on wife's land considered an advancement. 1 *Wash. R. P.* (*3d ed.*), 318; 1 *Roper Husb. & Wife*, 54; 16 *Mass.*, 449; 43 *Wis.*, 556.

OPINION.

EAKIN, J.   The effect of section 7, Article X, of the con-
stitution of 1874, is to make all property thereafter acquired
by a woman who is, or may afterwards become, *covert*, her
*separate* property, as effectually as if conveyed to her by
deed to her separate use.   It creates a statutory separate
estate, with just the same powers, or nearly such, which
married women had over trusts to their separate use in
England, under the equity system there prevailing.   There,
a gift to the separate use of a married woman, gives her
the same power of alienation over it as if she were a *femme
sole*.   (*Bisp. Eq., sec. 101*).   It never was the intention of
the constitution to ignore the strong ties of domestic affec-
tion and mutual confidence which spring from the rela-
tion, or to interfere with any presumptions based upon
them.   The whole doctrine of advancements is founded on
these and like presumptions, and they extend not only
to the relation of husband and wife, but also to mother and
daughter, grand parents and grand children; even, under
some circumstances, to father-in-law and son-in-law.   In-
deed, to all the relations of life that imply the existence of
strong affection, with an obligation of a moral nature to
love and protect.   They are based upon the laws of our
being, and amount only to this simple, common-sense view:
that persons in these relations who do favors, have higher
and tenderer motives than any expectation of pay.   *Bisp.
Eq., sec. 84.*

This is only a claim for money advanced to buy a piece
of land for the wife and improve it.   It was a good thing
for a husband to do, and may be supposed to have been
done from a desire to protect her against want.   The law
will not raise any implied promise on her part to repay it.
It will be presumed to be a gift.

This view is wholly independent of the wife's power to contract with her husband, which need not be discussed. The demurrer was properly sustained.

Affirm the judgment.