CHAMBERS v. MICHAEL.

Opinion delivered May 9, 1903.

1. ADVANCEMENT—TAKING DEED TO WIFE.—Where the evidence shows that lands were purchased by a husband, and deeds taken to his wife, and that he managed and improved the property as he would his own, and received and enjoyed the rents and profits free of charge, the presumption is that he intended an advancement. (Page 377.)

2. SAME—REBUTTAL OF PRESUMPTION.—The presumption arising from a husband's taking deeds to his wife that he intended an advancement may be rebutted by evidence of facts showing an intention that the wife should hold the land as trustee for him, but such facts must have taken place anticedently or contemporaneously with the conveyances, and not subsequently. (Page 378.)

Appeal from Benton Circuit Court.

JOHN N. TILLMAN, Judge.

Reversed.

*E. P. Watson,* for appellants.

The burden of proof is upon the party alleging a resulting trust, and the evidence thereon must be clear, full, satisfactory and convincing. 15 Am. & Eng. Enc. Law (2d ed.), 1174-5; 11 Ark. 82; 27 Ark. 88; 48 Ark. 169; 45 Ark. 481; 44 Ark. 365; 64 Ark. 173; 57 S. W. 125; 51 Mo. 268; 57 Mo. 73; 70 Mo. 505; 118 Mo. 506; 129 Mo. 674; 148 Mo. 82; Pom. Eq. Jur. § 1040; 35 Fed. 238; 96 Mo. 361; 33 N. J. Eq. 384; 82 Va. 376. As to weight in evidence of declarations and admissions tending to establish or recognize such a trust relation, see: 57 S. W. 122; 82 Mo. 148; s. c. 49 S. W. 990; 51 Mo. 443; 53 Mo. 385; 82 Mo. 31; 5 Johns. Ch. 1; 15 Am. & Eng. Enc. Law (2d ed.), 1173; 92 Ia. 610; 91 Mo. 132; 176 Pa. St. 100; 114 Ill. 636; Perry, Tr. § 137; 114 Ill. 554; 33 N. J. Eq. 384; 7 N. W. 749; 25 Ore. 328. Intention to create a trust on the part of the person paying the purchase money would be necessary. 27 Ark. 77; Perry, Trusts, § 133; 15 Am. &

Eng. Enc. Law (2d ed.), 1137; 112 Pa. St. 634. Parol evidence as to intent must relate to intent at the time of purchase. 15 Am. & Eng. Enc. Law (2d ed.), 1177; 112 Pa. St. 634; 72 Md. 45; 45 W. Va. 245. The presumption will be that a gift was intended in such a case as the one at bar. 2 Perry, Trusts, §§ 678, 148; 15 Am. & Eng. Enc. Law (2d ed.), 1164; 48 Ark. 20; 47 Ark. 65; 3 Ind. 558. Declarations of purchaser are admissible to prove such a theory. Perry, Trusts, §§ 146, 147; 45 Ark. 481; 40 Ark. 462; 3 Ind. 558; 15 Am. & Eng. Enc. Law (2d ed.), 1158, 1177, 1195; Pom. Eq. § 1041; 106 Cal. 373. The trust alleged would have been an express trust and within the statute of frauds. Bisp. Eq. § 80; 1 Lead. Cas. Eq. 216; 15 Am. & Eng. Enc. Law (2d ed.), 1192, 1195; 67 Ark. 530; Perry, Trusts, § 226; 57 Ia. 167; 45 Ark. 481; 156 Ill. 36; 113 Ill. 447. Laches had barred any claim to a trust or beneficial interest. Perry, Trusts, §§ 141, 869, 870; 41 Ark. 303; 16 Atl. 72; 15 Am. & Eng. Enc. Law (2d ed.), 1175, 1208; 35 Fed. 238; 96 Mo. 361; 57 Am. Dec. 606; 82 Va. 376.

*McGill & Lindsey* and *Brennan & Brennan,* of Iowa, for appellees.

The wife was a trustee for the husband who paid the purchase price of the property, not by virtue of any express agreement, but by virtue of his *paying the money* for the property. 50 Ark. 71, 76; 15 Am. & Eng. Enc. Law (2d. ed.), 1142, 1153-5, 1154-5; 169 U. S. 398; 27 Ark. 77, 87; 40 Ark. 62. The presumption as to gift is rebuttable by evidence of contrary intention. 40 Ark. 62; 15 Am. & Eng. Enc. Law (2d ed.), 1157. This intention may be deduced from circumstances. 107 Ia. 133; 107 Mo. 101; 10 Humph. 9; 92 Tenn. 707; 17 S. W. 914. Admissions of the alleged trustee are competent as evidence bearing on the relation. 15 Am. & Eng. Enc. Law (2d ed.) 1172-3; 48 Ark. 169, 176.

BATTLE, J. Frank W. Chambers and others brought an action of ejectment against Samuel S. Michael and others, in the circuit court of Benton county, for the possession of certain town lots situate in the town of Rogers, in Benton county, in this state, and certain farming lands in the same county, and for damages for the unlawful detention of the possession.

The following synopsis of the pleadings and decree in the case, made by the plaintiff, is correct:

"The plaintiffs claimed the legal title in fee simple as follows: Margaret A. Githens was the owner of all of said property in fee simple, and in the actual possession of the same. She departed

this life, intestate, in Benton county, Arkansas, in September, 1897. She left, as her sole heir at law, her surviving full brother, John T. Chambers. The said John T. Chambers became the owner of said property in fee simple by inheritance under the laws of the state of Arkansas. In December, 1898, John T. Chambers departed this life, intestate, in Benton county, Arkansas, where he then resided. He left surviving him his widow, Eliza Chambers, and as sole heirs at law his children, Frank W. Chambers, Clinton Chambers, Elmer P. Chambers, Ira Chambers, Maggie Bryant, Laura Warner, Mary Ulsler, Bertha E. Kliner and Nora Cunningham, who are the plaintiffs in this case, and who became the owners in fee simple of the legal title to said property by inheritance upon the death of their father, subject to the dower interest of their mother, Eliza Chambers, widow of said John T. Chambers.

"The defendant, Samuel S. Michael, answered and admitted that he was in the possession of all of said property at the institution of this suit, holding possession by himself and by his co-defendants as his tenants. He denied that his possession was unlawful, and that the plaintiffs are entitled to the possession of said lands; denied that, at the time of the death of Margaret A. Githens, she was the owner of said lands, and denied that John T. Chambers was the owner of any of said lands at the time of his death. He further set up in his answer title in himself to said lands as follows: That one D. C. Githens departed this life in January, 1899, and was at the time of his death the owner of all of said lands; that he executed his last will in January, 1899, and disposed of said lands in said will as follows, to-wit: 'As to the realty in litigation now pending in Benton county circuit court, it is my will that all of such real estate as may be in the final adjudication thereof adjudged to me shall be, in his discretion, by my said executor, sold and converted into money, and the proceeds thereof equally divided among all the persons hereinbefore named as devisees and legatees, share and share alike;' that he was made executor of said will by said D. C. Githens, and qualified as such.

"He admitted in said answer that the legal title to said land was vested by deeds in Margaret A. Githens at the time of her death, but she held said legal title in trust for her husband, D. C. Githens; that the said Githens purchased all of said lands and paid for the same with his own money, and cause the legal title to be vested in his wife, M. A. Githens, for his benefit and in trust for him; that in taking the title in her name he did not intend to

make a gift of the property to her, nor to vest the beneficial title in her, but only intended that she should hold the legal title in trust for himself and for his benefit; that the said M. A. Githens so un- derstood the matter, and agreed to and consented to that arrange- ment, and that it was always understood by and between them that the property belonged to said D. C. Githens; that he always man- aged and controlled said property as his own; that said M. A. Githens expressed an intention to convey the legal title to said D. C. Githens, but that she was suddenly attacked by a fatal ill- ness, and died in a short time, and during such sickness she was unable to transact any business whatever. He asked to have his answer taken as a cross-complaint, and the case transferred to equity; that a resulting trust be declared in his favor as executor of said will; that the legal title be divested out of the plaintiffs, and vested in himself.

"The other defendants set up no right or claim in the land, except as yearly tenants under Michael.

' "The case was transferred to equity by the court over the plaintiff's objections. The plaintiffs answered the cross-complaint, and denied specifically each allegation in the same. They set up that each piece of property claimed by them in their complaint was purchased by their aunt, M. A. Githens, with her own money'; that D. C. Githens did not pay any part of the purchase money for any of said land; that the money that paid for said lands was the proceeds arising from the sale of real property owned by her in the city of Des Moines, Iowa; that she had owned said land in said city for over twenty-five years; that she purchased said property in Des Moines with proceeds arising from the sale of a tract of land she had owned for ten years prior to that time, and which was also located near Des Moines, Iowa. They deny the allegation that she ever held or agreed to hold said lands in trust for her husband. They deny that she ever intended, or even expressed an intention, to deed said lands to her husband, under an agreement that she had with him at the time the deeds were made to her, or at any subse- quent time. They deny that she was prevented from executing said deeds by reason of a sudden sickness. They deny that D. C. Githens controlled said lands as his own, or made any improve- ments on said land with his own money. They allege that his management and control was with her consent, and as her agent, and that all the money he used in making improvements on said land was her own money, and he was only acting as her agent at

the time. They further alleged that said D. C. Githens during the time he resided in Iowa was largely in debt, and did not hold and would not hold the legal title to real property there for fear the same would be taken by his creditors, and that he at all times, while he resided in Iowa and in Arkansas, claimed that the real property that was in the name of his wife was hers. They further pleaded twenty-one years' and seven years' statutes of limitation against the claim of the defendants. They also pleaded the statute of frauds against any verbal agreement or declaration of trust said to have been made by M. A. Githens. They also demurred to the cross-complaint for want of equity therein.

"Upon the hearing of the case, the court found all the material issues for the cross-complaints, and rendered a decree divesting the appellants of the title in all the lots and tracts of land described in the original complaint, and vesting the same in the appellee, Samuel S. Michael, as executor of the last will of D. C. Githens, deceased. The court found that D. C. Githens had used $800 of the money of M. A. Githens in the purchase of the lands sued for, and declared the same a lien on all the land, amounting, with accrued inteerst, to $1,760. Plaintiffs in the original case excepted, and prayed an appeal, which was granted. The plaintiff in the cross-complaint excepted to that part of the decree giving the plaintiffs in the original complaint a lien on the property for $1,760, and prayed an appeal, which was granted."

Evidence was adduced at the hearing of the cause which tended to prove that the purchase money paid for the lands in controversy was the property of Mrs. Margaret A. Githens. This fact is disputed. But it is admitted that the lands were conveyed to her with the consent of her husband. If, therefore, he paid the purchase money, the presumption is that the conveyance was intended to be an advancement, and not a trust; she being his wife.

In *Robinson* v. *Robinson,* 45 Ark. 484, the land in controversy was purchased and paid for by the plaintiff, the father, and conveyed by the vendor, at his request, to the defendant, his son. In that case we said: "But this presumption (that the conveyance was an advancement) may be rebutted by evidence of facts, if any, showing that plaintiff's intention was that the defendant should take the land as trustee, and not for his (defendant's) own benefit. 'Such facts, however, must have taken place antecedently to, or contemporaneously with, the conveyance, or else immediately after it, so as to form, in fact, part of the same transaction.' It

may also be rebutted by parol declarations of plaintiff contemporaneous with, if any, but not by any of his declarations made subsequently to, the conveyance. This evidence is admissible to prove a resulting trust. 1 White & Tudor's Leading Cases in Equity, pt. 1 (4th ed.), 330; 1 Perry, Trusts, § 147; *Milner* v. *Freeman,* 40 Ark. 62. The evidence necessary to overcome the presumption of an advancement, in a case like this, and prove a resulting trust, must not only be distinct and credible, but preponderate. The acts proved should not be referable to a desire or duty of the father to provide for the son, or the natural reverence and submission due from children to their parents. If they are, the presumption of an advance is sustained. 1 White & Tudor's Leading Cases in Equity, pt. 1, 331; 1 Perry, Trusts, § 146; and *Sidmouth* v. *Sidmouth,* 2 Beav. 447." Such is the law of this case.

The remaining question is, were the conveyances to Mrs. Githens intended as an advancement? The evidence read in the hearing was voluminous. We will not undertake to make a statement of it. It is sufficient to say that in our opinion the decided preponderance of it shows that, if the husband paid the purchase money, an advancement was intended. There was evidence adduced at the hearing which tended to prove that the husband managed and improved the property as he would his own, but he at the same time received and enjoyed the rents and profits free of charge. He evinced a desire of an affectionate husband to protect and improve the property of his wife, and thereby to maintain and provide for her. His conduct was referable to his duty to his wife.

The wrong in this case, if any, is the result of an unjust statute which provides that the property of an intestate wife, however acquired, shall go at her death to her heirs, although she leaves no children and the property was given to her by her husband, and he survives her. Justice demands that it be amended.

The decree of the circuit court is therefore reversed, and the cause is remanded, with instructions to render a decree in accordance with this opinion.