O'HAIR *v.* O'HAIR.

Opinion delivered July 29, 1905.

HUSBAND AND WIFE—ADVANCEMENT.—Where a husband advances money to buy a piece of land, and takes deed in his wife's name, the law will presume it to be a gift.

Appeal from Pulaski Chancery Court.

JESSE C. HART, Judge.

Affirmed.

*J. A. Comer,* for appellant.

In order to create a resulting trust in favor of one who pays the purchase money for property bought in the name of another, the payment must be contemporaneous with the purchase. 30 Ark. 230; 29 Ark. 612; 26 Ark. 445. As to lot 6 appellant was entitled to the declaration of a resulting trust. 134 Ind. 529; 116 Ind. 175; 134 Ind. 115; 92 Ia. 610; 40 Ia. 152; 69 Ky. 339; 77 Me. 465; Am. Dig. 1904 A, 1451; Am. Dig. 1904, B, 4422.

*Blackwood & Williams,* for appellee.

There are no such circumstances in this case as to take it out of the general rule as to resulting trusts, laid down in 40 Ark. 67 and 45 Ark. 481. The presumption is that the purchases were made by way of gift or advancement. 70 Ark. 149; 68 Ark. 408; 57 Ark. 634; 51 Ark. 530; 47 Ark. 62; 52 Ark. 188; 36 Ark. 588. There was no error in the modification of the decree after the cause was appealed. *Cf.* 42 Ark. 495; 12 Ark. 369; 13 Ark. 54.

HILL, C. J. The parties to this suit are husband and wife; they have been married thirty-two years, and are the parents of nine children, and in their old age have fallen into litigation with each other over lots 4, 5 and 6 in block 142, in the city of Little Rock. Lot 4 was purchased in 1887 by Mrs. O'Hair from her mother, contrary to the wishes of Mr. O'Hair. It was heavily incumbered, and the equity not of great value. Part of lot 5 was purchased by Mrs. O'Hair, or rather she made a small payment on the purchase price, while Mr. O'Hair was in Colorado for his health, and without his knowledge. The other parts of the lot were purchased subsequently. The titles were taken in Mrs. O'Hair's name, and the evidence shows that the mortgages were reduced, and the purchase price paid, by moneys derived from Mr. O'Hair, Mrs. O'Hair, their children, and the rents from the property. Lot 6 was purchased by Mr. O'Hair, paid for by him, and the title taken in his wife's name. He was then in embarrassed circumstances, and testifies that the title was put in her name to protect her and the family from anything which might happen to him, and to secure a home for themselves and their children.

Mr. O'Hair is seeking to impress a trust upon lots 4 and 5 in his favor for the payments made for their purchase, which he claims were practically all made by him, and upon lot 6 on account of an understanding with his wife that it was to be held for their mutual benefit.

Passing the question of the sufficiency of the evidence to establish a trust, even if the transaction was between strangers (see *Tillar* v. *Henry,* 75 Ark. 446), there is no trust in this case. Judge EAKIN thus expressed the whole situation as presented by this record:

"This is only a claim for money advanced to buy a piece of land for the wife and improve it. It was a good thing for the husband to do, and may be supposed to have been done from a desire to protect her against want. The law will not raise any implied promise on her part to repay it. It will be presumed to be a gift." *Ward* v. *Estate of Ward,* 36 Ark. 586.

The principles controlling this case may be found in *Miller* v. *Freeman,* 40 Ark. 67; *Robinson* v. *Robinson,* 45 Ark. 481; *Bogy* v.

*Roberts,* 48 Ark. 17; *White* v. *White,* 52 Ark. 188; *Rhea* v. *Bagley,* 63 Ark. 374; *Culberhouse* v. *Culberhouse,* 68 Ark. 405; *Grayson* v. *Bowlin,* 70 Ark. 145; and many more on the same line.

The decree is affirmed.

BATTLE, J., absent.