BUTTERFIELD *v.* BUTTERFIELD.

Opinion delivered May 28, 1906.

RESULTING TRUST—LOAN FOR IMPROVEMENT OF LAND.—One who lends money to the owner of land for the purpose of making improvements thereon acquires no interest or lien thereon.

Appeal from Garland Chancery Court; *Leland Leatherman,* Chancellor; reversed.

*Wood & Henderson,* for appellant.

Plaintiff demurred to the answer and to each paragraph thereof which sets up the alleged oral agreement as a defense, which should have been sustained. Kirby's Digest, § § 3654, 3664. The effect of the allegations in third and fourth paragraphs is to set up an equitable interest in the land in defendant. Such arrangement could not be binding without being in writing or evidenced by some memorandum in writing signed by deceased

or his agent. Payment of purchase money is not such part performance as to take the case out of the statute. 1 Ark. 391; 18 Ark. 466; 21 Ark. 533. Possession, in order to take the case out of the statute, must be taken solely under the contract, with a view to it, and in pursuance to its provisions. Pomeroy, Spec. Perf. § § 154, 155; 21 Ark. 277; 39 Ark. 424; 44 Ark. 334; 11 L. R. A. 323; 87 N. W. 312. Joint possession with the seller is not sufficient. The doctrine of part performance will not apply to parol contracts of sale between tenants in common. 44 Ark. 82; 85 N. W. 808; 26 Cent. L. J., 342; 6 Atl. 352; 73 N. W. 515; 27 S. E. 325; 40 Pac. 635; 29 Atl. 15; 46 N. W. 632; 63 Ark. 100; 33 S. E. 108; 8 Am. & Eng. Enc. Law, 744 and notes.

2. The property being the homestead of deceased at the time of the alleged contract with appellee, no such interest could have been conveyed without a deed in which appellant joined in the execution and acknowledgment. Kirby's Digest, § 3901.

*Greaves & Martin,* for appellee.

BATTLE, J. Prior to the year 1883, I. L. Butterfield, the husband of Frances I. Butterfield, was the owner of lot numbered 15 in block numbered 152, in the city of Hot Springs, in this State, and in the year 1883 exchanged with Samuel W. Fordyce the said lot for certain parts of lots 3 and 15 in block 151, in said city. I. L. Butterfield then caused the house on lot 5 to be removed to the parts of the lots for which it was exchanged, and added to, remodeled and repaired the same. The addition was let for $1,200. He was much embarrassed, financially, at the time, and applied to his sister, Florence E. Butterfield, who was making her home with him, for aid. She testified: "The house cost about $500 or $600 more than brother expected, and at that time he had very little money. He came home one day very much worried, and said: 'Sis, I want you to put your money in the house. It is going to cost a little more, as we are having a larger house than we expected to. You and mother are always going to live there—it will always be your home.' And he says, 'Sis, you put your money in the house, and it will always make us a home. It is your home, and you will feel that it is by putting your money in the house.' And he said, at any time, if I wanted to take my money out of the house, or any time I wanted

to 'get married' and leave, 'you can take your money out· of the place. It will be your home, and you will feel it more and help me by doing so.' "

She let him have $550, which he used by paying for his house, and his sister made her home with him until he died, which occurred on the 16th day of April, 1891.

On the third day of July, 1890, the said Samuel W. Fordyce and wife, at the request of I. L. Butterfield, executed a deed to the parts of lots 3 and 15, in block 151 to Frances I. Butterfield, the first deed being to I. L. Butterfield, the second being executed to correct errors in the description of the property conveyed.

After the death of her brother, Florence E. Butterfield resided with his widow, Frances I. Butterfield, contributing to the payment of their joint expenses, until the latter, Frances I., brought an action to dispossess her. She filed a cross-complaint, in which she stated the foregoing facts, and asked, if plaintiff persisted in denying her right to possession of the lot in controversy, that the court require an accounting, and that she be permitted to prove the amount of her advances for the improvement of the property sued for, and that she have a lien for the same, and that the lot in controversy be sold to satisfy the lien.

Upon motion the cause was transferred to the Garland Chancery Court, and it, after hearing the evidence adduced by the parties, which tended to prove the foregoing statement of facts, found that the defendant (plaintiff in the cross-complaint) advanced to her brother the $550, and was entitled to recover the same and interest, and to a lien therefor on the property, and ordered it to be sold to satisfy the lien.

The property in controversy was not acquired in part or whole with the money of Florence E. Butterfield. Her brother, I. L. Butterfield, never sold or agreed to sell or convey her any interest therein, in consideration of money advanced. But, on the contrary, agreed to return her money whenever demanded. This was a loan. "In order to create a trust in favor of one who pays the purchase money for land conveyed to another, the payment must be made at the time of the purchase, so as to make it one transaction." The mere payment of money, subsequently, for lands or improvements thereon creates no lien. *Sale* v.

*McLean,* 29 Ark. 612; *DuVal* v. *Marshall,* 30 Ark. 230; *Milner* v. *Freeman,* 40 Ark. 62; *Bodwell* v. *Nutter,* 63 N. H. 446; *Frances-town* v. *Deering,* 41 N. H. 438; *Krauth* v. *Thiele,* 45 N. J. E. 407; *Stephenson* v. *McClintock,* 141 Ill. 604.

Miss Butterfield had a remedy against her brother for money loaned in his lifetime, and after his death against his estate, until barred by the statute of nonclaim.

Reverse the decree and dismiss the cross-complaint, and remand the cause.