POOLE *v.* OLIVER.

Opinion delivered March 15, 1909.

1.  HUSBAND AND WIFE—CONVEYANCES BETWEEN—PRESUMPTION.—Where a husband purchases land and procures the deed to be made to his wife, the presumption is that he intended it as a gift, and no trust results in his favor.  (Page 580.)

2.  SAME—HOW PRESUMPTION REBUTTED.—The presumption that a gift is intended where a husband buys land and procures deed to his wife may be rebutted by evidence of facts showing the husband's intention to have been that his wife should hold as trustee; but such facts must have existed anterior to or contemporaneously with the conveyance or so soon thereafter as to form part of the transaction.  (Page 580.)

3.  TRUST—EVIDENCE.—Where the issue was whether land purchased by a husband and conveyed to his wife was a gift to her or a trust for himself, his subsequent use and occupation is referable to a natural

desire to care for his wife's property, and does not tend to prove a trust. (Page 580.)

4. ADVERSE POSSESSION—COLOR OF TITLE.—Actual occupancy of part of a tract of land without color of title does not constitute constructive possession of the part not actually occupied, so as to vest title by limitation to the latter. (Page 580.)

Appeal from Calhoun Chancery Court; *E. O. Mahoney,* Chancellor; affirmed.

*Thornton & Thornton,* for appellant.

1. The burden was on plaintiff to show title in himself. He has failed. There was no evidence of possession. 64 Ark. 100.

2. Appellee was a purchaser by parol, paid the price, entered into possession, made valuable improvements and held adverse possession for thirty years. This gave him title. 21 Ark. 137; 42 *Id.* 246; 71 *Id.* 364; 35 L. R. A. 835.

3. Color of title is only necessary to show the nature or character of possession and the boundaries of claim. 50 Ark. 345; 33 *Id.* 155. Possession of a part under color of title for the requisite period of time gives title to the whole by limitation. 12 Ark. 829; 66 *Id.* 141; 60 *Id.* 499; 71 *Id.* 393; 6 Ind. 273; 60 Miss. 750; Tyler on Ejectment, p. 861.

*H. S. Powell,* for appellee.

1. A husband acquires no right in his wife's land by cultivating it. 68 Ark. 150.

2. There was no color of title in the husband, and he could acquire no rights by adverse possession. Acts 1899, p. 117; Kirby's Digest, § 5057; 74 Ark. 304; 12 Ark. 829; 66 *Id.* 41; 60 *Id.* 499; 71 *Id.* 393.

3. No title passed by the administrator's sale, as John S. Newton, deceased, had no title. 16 Ark. 122.

McCULLOCH, C. J. This case involves the title to a tract of land in Calhoun County, containing forty acres. The plaintiff, Jeptha Oliver, originally owned the land, and in the year 1873 conveyed it to his daughter, who was then the wife of J. S. Newton. Newton purchased the land from the plaintiff, and paid for it, but at his request it was conveyed to his wife. Mrs. Newton reconveyed the land to her father in 1892, and about one

year thereafter she and her husband separated from each other, and were divorced. Newton died in the year 1900, and his administrator sold the land as his property in 1902, under orders of the probate court. The defendant, C. L. Poole, claims title under the sale. About ten acres of the land was fenced and in cultivation, and the remainder has always been uninclosed and unimproved. Newton occupied the inclosed part of the land up to the time of his death, claiming title thereto; and the defendant asserts that Mrs. Newton held the legal title as trustee for her husband, and also that the title was vested in Newton by adverse possession for the statutory period. The chancellor sustained the defendant's claim of title to the inclosed land by limitation, but decreed the uninclosed part to the plaintiff. The defendant appealed.

Where a husband purchases land and procures the deed to be made to his wife, the presumption is that he intended it as a gift, and a trust does not result in his favor. This presumption may be rebutted by evidence of facts showing the husband's intention to have been that his wife should take the land as trustee and not for her own benefit; but such facts must have existed or taken place antecedently or contemporaneously with the conveyance, or so soon thereafter as to form a part of the transaction. *Milner* v. *Freeman,* 40 Ark. 62; *Robinson* v. *Robinson,* 45 Ark. 484; *Chambers* v. *Michael,* 71 Ark. 373; *Womack* v. *Womack,* 73 Ark. 281; *O'Hair* v. *O'Hair,* 76 Ark. 389.

Tested by this rule, there is no satisfactory evidence of an intention to create a trust in favor of the husband. In fact, there is no evidence at all except that he occupied the land and cultivated it, and afterwards claimed it as his own; but his use and occupation is referable to his natural desire to manage and care for his wife's property. *Chambers* v. *Michael, supra.*

Actual occupancy of a part of a tract of land without color of title does not constitute constructive possession of the part not actually occupied, so as to vest title by limitation to the latter. Without color of title the possession is limited to the part actually occupied.

J. S. Newton had no color of title, as the legal title was conveyed to his wife, and he could not, against the wife and those

claiming title under her, claim the benefits of the deed to her as color of title.

The plaintiff did not appeal, and we do not decide whether or not the decree against him for the land actually occupied by Newton for the statutory period was correct.

Affirmed.