## WOOD *v.* WOOD.

### Opinion delivered October 23, 1911.

1. HUSBAND AND WIFE—PRESUMPTION OF ADVANCEMENT.—Where a husband purchased lands in part with his own funds, and took deeds in his wife's name, the presumption is that the money so advanced by him was intended as a gift to her; but such presumption may be rebutted by evidence of facts antecedent to or contemporaneous with the conveyances, showing that the intention of the husband was to have his wife hold the land in trust for him, and that he did not intend to make her a gift. (Page 372.)

2. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDINGS.— Where the testimony is evenly balanced, the chancellor's findings of fact will be allowed to stand. (Page 373.)

Appeal from Garland Chancery Court; *A. Curl,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

This suit was brought by appellee against appellant for divorce and to have certain real estate described in the complaint declared to be held in trust for appellee. The complaint alleged that the appellee furnished the money to appellant with which to buy the real estate described, expecting that appellant would take title to the property in her name or in their joint names as tenants in the entirety, but that instead he put the title to the property in his sister, Mary J. McClure. Mary J. McClure was made party to the suit. Appellant

filed an answer and cross complaint, denying the allegations of the complaint and setting up that the money with which the property was purchased was his own money; that the money was obtained through the sale of a lease held by him, for which he received the sum of $4,600, and "that it was agreed between him and the plaintiff (appellee) that be should have $2,000 of said money, to invest in his own name and for his own benefit, and that plaintiff should invest the balance of the money for her own benefit. That, in pursuance of that agreement, he purchased the real estate which appellee now seeks to have declared her property." He further set up that appellee was in possession of certain real estate and personal property, which are designated of the value of about $20,000, which he alleges was accumulated by the joint endeavors of the appellant and appellee. He prayed that the complaint be dismissed, and that, in the event of a decree of divorce in favor of the appellee, the property mentioned be equitably divided between them, and that the title of the property which he had placed in Mary J. McClure be quieted in her. Mary J. McClure adopted the answer of the appellant. Appellee answered the cross complaint of appellant, in which she reiterated the allegations of her original complaint, and denied all the material allegations of the cross complaint. The court, after hearing the evidence, which is quite voluminous, entered a decree, granting to the appellee an absolute divorce and confirming the title to all the property owned and held by the appellee in her and confirming the title to the property in the name of Mary J. McClure in her (Mary J. McClure). The court dismissed the cross complaint of appellant in everything except as to quieting the title to the property held by Mary J. McClure, and dismissed the complaint of appellee as to the property held in the name of Mary J. McClure. The appellant moved to modify the decree, setting up substantially the same facts that he had set forth in his answer and cross complaint, and praying the same relief. The court denied the motion, and appellant appealed from his order refusing to modify the decree. Appellee appealed from the order of the court dismissing her complaint as to the real estate described therein and held in the name of Mary J. McClure.

Appellant, *pro se.*

*M. S. Cobb,* for appellee.

WOOD, J., (after stating the facts).  As to the property in controversy, appellant contends that it was acquired by the joint earnings of himself and wife, while appellee contends that it was purchased with her own money.  This is purely a question of fact, and it could serve no useful purpose to discuss the evidence, which is very conflicting.  As to the real estate in the name of appellee, even if appellant ·purchased and paid for same in part with his own funds, since the deeds were taken in the name of his wife, and not in his own or their joint names, the presumption is that the money of his own thus used was intended by him as a gift to her.  The law in such cases will not imply a promise or obligation on her part to refund the money or to divide the property purchased, or to hold the same in trust for him.  His conduct will be referable to his duty and affection, rather than to a desire to cover up his property or to any intention on his part to have her hold as a trustee for him.  *Womack* v. *Womack,* 73 Ark. 281; *Ward* v. *Ward,* 36 Ark. 586.

This presumption, however, is not a conclusive one, but may be rebutted by evidence of facts antecedent to or contemporaneous with the conveyances showing that the intention of the husband was to have his wife hold the land in trust for him, and that he did not intend to make her a gift.  *Chambers* v. *Michael,* 71 Ark. 373.  Without commenting upon the evidence, it suffices to say that there is nothing in this record antedating or contemporaneous with the conveyances to appellee sufficient to overcome the presumption which the law raises from the act of a husband taking deeds in the name of his wife.  The decree of the court therefore confirming in appellee the title to all the real property in suit in her name is correct.

The decree of the court is also correct in confirming the title of Mary J. McClure.  The finding of the chancellor that this land was purchased by appellant with money that belonged to him is not against the clear preponderance of the testimony, though there is a sharp coflict in the evidence on this issue.  The testimony on behalf of appellant tends to prove that he sold for $4,600 a house which he had erected on a lot

with money that had been accumulated through the joint efforts of himself and wife, and that, while the house was in his wife's name, and the money for which same was sold was deposited in her name, yet she recognized his right to a part of the money by giving him a check for the sum of $2,000, and that he accepted this as his share of the funds for which the house was sold; that he invested this, his own money, in the land in controversy, taking title in the name of his sister, Mary J. McClure. The testimony on behalf of appellee, as we have stated, is in direct conflict with this, and is to the effect that the money derived from the sale of the house was all her individual funds, and that she gave the check of $2,000 to appellant to be invested in property for herself. The testimony is so evenly balanced that no one can determine who has the preponderance. The finding and decree of the chancellor will therefore be treated as persuasive and allowed to stand. *Gaty* v. *Holcomb*, 44 Ark. 216; *Brown* v. *Wyandotte & S. E. Ry. Co.*, 68 Ark. 134; *Mooney* v. *Tyler*, 68 Ark. 314; *Letchworth* v. *Vaughan*, 77 Ark. 305; *Sulek* v. *McWilliams*, 72 Ark. 67. See also *Boggianna* v. *Anderson*, 78 Ark. 420.

For the same reason the refusal of the court to grant appellant's prayer for a division of the personal property mentioned in his answer and cross complaint will not be disturbed.

The judgment will therefore be affirmed.