## COLLINS *v.* COLLINS.

### Opinion delivered January 30, 1928.

1. DIVORCE—SUFFICIENCY OF EVIDENCE.—In a suit for divorce, where both parties asked for divorce and reconciliation was improbable, the evidence, although unsatisfactory, *held* to justify granting divorce to the wife on the ground of indignities rendering her condition in life intolerable.

2. HUSBAND AND WIFE—TAKING TITLE IN WIFE'S NAME.—Where the title to property is taken in the wife's name but the husband pays a portion of the purchase price, there is a presumption in law that his money thus used was intended as a gift to his wife, but this presumption is rebuttable by any evidence, including antecedent and contemporaneous declarations or circumstances which tend to prove the intention of the parties who furnished the consideration for the property.

3. TRUSTS—EVIDENCE OF RESULTING TRUST.—In a divorce suit evidence *held* not to justify holding that there was a resulting trust giving the husband an interest in the homestead to which the wife had title, but of which the husband paid a part of the consideration.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland,* Chancellor; reversed.

STATEMENT OF FACTS.

Alice Collins brought this suit in equity against F. D. Collins to obtain a divorce on the statutory ground that her husband had offered her such indignities to her per-

son as to render her condition in life intolerable. F. D. Collins filed an answer in which he denied the allegations of the complaint, and, by way of cross-complaint, asked for a divorce on the same statutory ground. He also asked for a trust to be declared in his favor in their home place, the title to which had been taken in the name of his wife. His wife filed a response to the cross-complaint, in which she denied its allegations and averred that the title to their homestead was in herself.

The record shows that the parties to this action married in September, 1918, and lived together as husband and wife until the first day of April, 1926. Each of the parties had been married before, and had children at the time of their intermarriage. The husband had a home in Van Buren, Arkansas, in which he lived at the time of their marriage. Subsequent to their marriage they purchased a home in Fort Smith, in Sebastian County, Arkansas, and moved into it, and lived there until their separation. The title in their home in Fort Smith was taken in the name of the wife, and she paid $1,000 of the purchase money at the time of the purchase. The price agreed to be paid for the home was $2,750.

According to the testimony of the wife, she continued to make monthly payments on the note for the deferred payment of the purchase price, which bore eight per cent. interest, until some time in April, 1920, when there was a balance due of $1,539. Her husband gave her a check for this amount, and told her to finish paying for the house. According to her testimony, the title to the property was taken in her name because her husband wished to provide a home for her, and because her children were helping to support the family. Her husband had some insurance for the benefit of his children of a former marriage, and, for that reason, thought he ought to put the title to the home in his wife's name. The testimony of the wife in this respect is corroborated by that of her daughter.

According to the husband, it was understood, at the time the home was purchased, that he was to have an

interest in it, and he made the monthly payments after the payment of the first $1,000, and then gave his wife the check for $1,539 to finish paying for their home, with the understanding that he was to have an interest in the property. Other evidence will be stated and discussed in the opinion.

The chancellor denied the divorce to both parties, and their respective complaints were dismissed for want of equity. The chancellor further found that the husband paid $1,539 toward the purchase price of their home with the understanding that he should have a joint interest in the property with his wife. It was further decreed that he have a lien on the homestead for the sum of $1,539, taking effect on the first day of April, 1920, and that the sum draw interest at six per cent. from that date. The plaintiff has duly prosecuted an appeal to this court.

*Holland & Holland* and *E. D. Chastain,* for appellant.

*Roy Gean,* for appellee.

HART, C. J., (after stating the facts). On the question of the divorce we do not deem it necessary to make an extended statement of the evidence or to discuss it in detail. Each party sought a divorce from the other on the statutory ground of indignities to the person. The parties to the action were married in September, 1918, and lived together as husband and wife until the first of April, 1926. The record shows that they got along very well together until about two years before their separation. The testimony of the plaintiff and of the defendant shows that they were continually quarreling with each other for the past year or two of their married life. Their testimony, however, is in irreconcilable conflict as to who was to blame for their quarrels.

According to the testimony of the wife, her husband was continually quarreling with her, and on one occasion threatened to strike her, and on another occasion told her that he had been advised that he could obtain alimony from her, and was continually guilty of such abusive language and ill treatment that she could not occupy his bed, and that she moved upstairs and stayed

with her daughter in the homestead, the title to which was in her name. The responsibility for their quarrels was placed upon the husband by the testimony of a daughter of the wife by a former marriage. She is also corroborated to some extent by her son-in-law.

On the other hand, the husband, in his testimony, places the entire responsibility for their quarrels in the nagging disposition of his wife. He testifies that she got tired of him because he was in ill health, and was continually nagging and quarreling at him.

The testimony is not very satisfactory on the question of divorce, but, after considering the whole of the testimony carefully and the situation and condition of the parties, we are of the opinion that the preponderance of the evidence entitles the wife to a divorce. It is perfectly apparent from the testimony of both of them that they were continually quarreling with each other and that there was no likelihood of their becoming reconciled to each other. Each of the parties had children by a former marriage, and there was no hope of them ever living together again. Hence we are of the opinion that a preponderance of the evidence will sustain a decree granting the plaintiff, Alice Collins, a divorce from the defendant, F. D. Collins, on the statutory ground of indignities rendering her condition in life intolerable. *Scales* v. *Scales,* 167 Ark. 298, 268 S. W. 9.

On the question of a resulting trust in favor of the husband, we also find that a preponderance of the evidence sustains the contention of the wife that the title to the homestead was taken in her name, because she made the first payment on it, and that the payment of $1,539 was paid by the husband as an advancement or gift to her. Where the title to property is taken in the name of the wife, even where the husband has purchased and paid for the same, there is a presumption in law that his money thus used was intended as a gift to his wife, and the law does not imply a promise on her part to return the money or to divide the property purchased, or to hold the same in trust for him. His conduct will

be referable to his duty and affection rather than to a desire on his part to have his wife hold the property as a trustee for him. This presumption, however, may be rebutted by any evidence, including antecedent and contemporaneous declarations or circumstances, which tend to prove the intention of the person who furnished the money to purchase the estate, that the grantee should hold as a trustee. *Wood* v. *Wood,* 100 Ark. 370, 140 S. W. 275; *Harbour* v. *Harbour,* 103 Ark. 273, 146 S. W. 867; *Mann* v. *Mann,* 164 Ark. 43, 260 S. W. 731; and *Dillard* v. *Battle,* 166 Ark. 241, 266 S. W. 80.

On this branch of the case we again find the testimony in irreconcilable conflict. The husband testified that, when the homestead was purchased, they bought it jointly for their home and it was their intention to live there as husband and wife with both sets of children. By agreement the deed was made in the name of the wife, and he sold his homestead in Van Buren for the purpose of finishing paying for the homestead in Fort Smith. After the wife made the first payment of $1,000, the husband, according to his testimony, began making monthly payments on the place until of the principal and interest there was only left unpaid a balance of $1,539. He sold his homestead in Van Buren and gave his wife a check for $1,539 for the purpose of paying out their home in Fort Smith. This was done with the understanding that he was to have a joint interest in the property.

On the other hand, according to the testimony of the wife, the original price of the homestead in Fort Smith was $2,750. She paid $1,000 on it, with the understanding that the title should be taken in her name. This was done because her husband had some insurance for the benefit of his children by a former marriage and it was his intention that her own children should inherit from her the homestead which was purchased in Fort Smith. Her son and daughter were working at the time, and lived with her, paying board. She took $30, which her son paid for board, and paid it monthly toward reducing

.the principal and interest of the balance due on the purchase money. She admitted that her husband gave her money monthly during this period of time, but states that she used it for their living expenses, and that her husband so understood it. She admitted that he gave her $1,539 on the first day of April, 1920, with which to finish paying the purchase price of the place. She stated, however, that this was a gift, and that she refused to accept it until it was expressly understood that it was a gift, and that her husband was to have no interest in the place. Her testimony in this respect is corroborated by that of her daughter.

It is also a circumstance in her favor that the husband did not at that time ask that the title be changed so as to give him a joint interest in the place, and that no claim was made by him for a joint interest until after their separation and the bringing of this suit.

Under these circumstances we are of the opinion that the husband failed to establish a case for a resulting trust in his favor for a joint interest in the place.

The result of our views is that the decree will be reversed, and the cause will be remanded with directions to the chancery court to grant a divorce to the plaintiff, Alice Collins, and to dismiss the complaint of F. D. Collins for a divorce for want of equity, and to dismiss also his complaint for a resulting trust in the homestead for want of equity. It is so ordered.