PARKS *v.* PARKS.

4-7395                                                                182 S. W. 2d 470

Opinion delivered October 9, 1944.

*John M. Shackleford,* for appellant.

*Walter L. Brown,* for appellee.

McHANEY, J.    Appellant began this action to obtain a divorce from appellee and to quiet her title to lot 9, block 8, Ward's Addition to the town of Calion, in Union county. She alleged that she is the owner of said lot and

that appellee is making some claim thereto. Appellee answered denying the alleged ground of divorce and asserted that he is the owner of said lot which has on it a large house, furnished throughout; that he bought and paid for said property and had the deed made to her with the express understanding and agreement that she would hold the same in trust for him; that thereafter he made certain repairs and improvements to the house at his own expense to the extent of about $1,000; that the house was insured at his cost and in his name; and that he has paid all taxes and at all times claimed it as his own. He prayed that title be vested in him.

The parties went to trial on the sole issue of the title to said property, which resulted in a finding by the court that, although appellee purchased the property and took the title in appellant's name, he did not intend in so doing to make a gift of same to her, and that he is now and at all times has been the owner thereof, and entered a decree vesting the title thereto in him. In his written opinion the court said: "To me the testimony is clear, satisfactory and cogent that she does not own a fee simple title, and that the only interest she has in it is that as his wife." The case is here on appeal.

The question to be decided is one of fact. There does not seem to be any dispute as to the law. It is well settled in this state that where a husband purchases land and causes the deed therefor to be made to his wife, there is a rebuttable presumption of fact that he intended the conveyance to be a gift to her, and that a trust does not result in his favor. As said in *Poole* v. *Oliver,* 89 Ark. 578, 117 S. W. 747, after making substantially the statement above, the court said: "This presumption may be rebutted by evidence of facts showing the husband's intention to have been that his wife should take the land as trustee and not for her own benefit; but such facts must have existed or taken place antecedently to or contemporaneously with the conveyance, or so soon thereafter as to form a part of the transaction. *Miller* v. *Freeman,* 40 Ark. 62; *Robinson* v. *Robinson,* 45 Ark. 481; *Chambers* v. *Michael,* 71 Ark. 373, 74 S. W. 516; *Womack* v. *Womack,*

73 Ark. 281, 83 S. W. 937; *O'Hair* v. *O'Hair,* 76 Ark. 389, 88 S. W. 945.

"Tested by this rule, there is no satisfactory evidence of an intention to create a trust in favor of the husband. In fact, there is no evidence at all except that he occupied the land and cultivated it, and afterwards claimed it as his own; but his use and occupation is referable to his natural desire to manage and care for his wife's property. *Chambers* v. *Michael, supra.*" And in one of our later cases, *Hill* v. *Hopkins,* 198 Ark. 1049, 133 S. W. 2d 634, a headnote reads: "Since it is the duty of the husband to make provision for the support and maintenance of his wife, the purchase by the husband of land taking title in the name of his wife raises the legal presumption that it was a gift to her and that she took as donee, rather than as trustee." See, also, the more recent case of *Aycock* v. *Bottoms,* 201 Ark. 104, 144 S. W. 2d 43. And the rule is also well settled that the proof to overcome this presumption of gift should be clear and convincing. *Wood* v. *Wood,* 116 Ark. 142, 172 S. W. 860, and cases there collected and cited.

The cases all seem to hold, as stated in *Poole* v. *Oliver, supra,* that "such facts must have existed or taken place antecedently to or contemporaneously with the conveyance, or so soon thereafter as to form a part of the transaction."

What are the facts that existed before the conveyance, or at that time, or so soon thereafter as to form a part of the conveyance that would justify a court of equity in finding that the presumption of gift had been overcome, under the rule stated? When Evans, the grantor in the deed, asked appellee how he wanted the deed made, he was told by appellee to make it to his wife, appellant, "for business reasons." Nowhere in this record do we find his "business reasons" amplified or explained. He testified that he had bought oil leases and mineral interests in his wife's name and that she had always conveyed same at his request to purchasers. The property in question was the home in which he and appellant lived after its purchase and was not business prop-

erty. We think the testimony that he took title to this property in his wife's name for business reasons is not sufficient to establish a trust in her. On February 20, 1932, appellee purchased lot 7 in the same block, and took the title in his wife's name. The deed recited a consideration of $50, and in addition to the usual granting clause of "do hereby grant, bargain, sell and convey unto the said Mary Giles Parks" there was the additional clause immediately following "as her individual property and estate." In the deed to the property in question dated October 14, 1933, those words were omitted, and it is argued that this is a circumstance to show that appellee did not intend the latter purchase to be her "individual property and estate." But the deed was not prepared by appellee and he gave no direction to the grantor to have those words in the later deed of October 14, 1933, and while their presence in the earlier deed might be construed conclusively to show a gift of lot 7, their absence from the deed in question can have no evidentiary bearing on the question of gift or no gift to lot 9. The only instruction given by appellee to Evans was to convey the property to his wife for business reasons.

As to the repairs and improvements relied on to show that he had made no gift to his wife and she held the title as trustee, appellee testified that he built three rooms in 1937 and made other repairs in 1938. This was from four to five years after the date of the deed, which shows conclusively, under the rule above stated, that they cannot be considered to determine his intent or their joint intent at the date of the deed, since they did not exist or take place "antecedently to or contemporaneously with the conveyance, or so soon thereafter as to form a part of the transaction." Nor can the payment of taxes and insurance help the appellee for the same reason. Moreover, his subsequent improvements, payment of taxes and insurance are all "referable to his natural desire to manage and care for his wife's property" as said in *Poole* v. *Oliver, supra.* Also, as said in *Chambers* v. *Michael,* 71 Ark. 373, 74 S. W. 516, "There was evidence adduced at the hearing which tended to prove that

the husband managed and improved the property as he would his own, but he at the same time received and enjoyed the rents and profits free of charge. He evinced a desire of an affectionate husband to protect and improve the property of his wife, and thereby to maintain and provide for her. His conduct was referable to his duty to his wife.''

Appellee did not testify that he and his wife had any agreement that she should hold title as his trustee, either before or after its purchase, while she testified very positively that there was no such agreement, but, on the contrary, that when he gave her the deed, he told her that he bought it for her for a home, ''so no one could take it away from me, that the children would give no trouble,'' meaning so that his children by a former marriage could give no trouble. Several of her relatives testified to similar statements made to them by appellee. He denied making these statements.

So we conclude that appellee failed to overcome the presumption attendant upon the recital of the deed under the rules above stated, and that the learned trial court was in error in holding that he did. For other cases holding the evidence insufficient to establish a trust in favor of the husband, see *Johnson* v. *Johnson,* 115 Ark. 416, 171 S. W. 475; *Wood* v. *Wood,* 100 Ark. 370, 140 S. W. 275; *Dillard* v. *Battle,* 166 Ark. 241, 266 S. W. 80; and *Collins* v. *Collins,* 176 Ark. 12, 2 S. W. 2d 41.

The decree will be reversed, and the cause remanded with directions to enter a decree in her favor as to this property.