## HAMBY v. BROOKS.

Opinion delivered June 1, 1908.

1. EVIDENCE—HEARSAY.—Where, in an action upon a claim in favor of a widow against her deceased husband's estate, the defense was that the money sought to be recovered was used by deceased in

purchasing a lot for his wife and in building a home thereon, it was not error to exclude statements made by deceased at the time he acquired possession of the plaintiff's money that he intended to use the money in buying and improving land for plaintiff. (Page 450.)

2. HUSBAND AND WIFE—ADVANCEMENT.—Where a widow sued her husband's estate for money had and received for her benefit, proof that he purchased a lot in her name and expended money in improving it will not justify a presumption that he intended to repay his wife, as it will be presumed that the sum so expended was a gift. (Page 451.)

3. STATUTE OF LIMITATIONS—HUSBAND AND WIFE.—The statute of limitations does not run against claims existing between husband and wife during the continuance of the marital relation. (Page 451.)

Appeal from Nevada Circuit Court; *Jacob M. Carter,* Judge; affirmed.

Appellant *pro se.*

1. It was error to exclude the testimony of Regan, Hinton and Carrington. Brooks being dead, appellant was entitled to have every circumstance going to sustain his contention, however slight, to go to the jury for what it was worth under proper instructions.

2. The item of $225 was due more than three years before Brooks died, and is barred by the statute of limitations.

*Roscoe R. Lynn,* for appellee.

1. The evidence offered and excluded does not sustain appellant's contention, and he was not prejudiced by its exclusion. Moreover, the testimony as to Brooks's declarations was clearly inadmissible. There is no proof that he was his wife's agent. 44 Ark. 214; 56 Ark. 221; 46 Ark. 229. If he was her agent, he could not testify against her if living. Hence his statements could not be proved after his death. Kirby's Dig. § 3095; 62 Ark. 26; 76 Ark. 435. His declarations are mere hearsay.

2. The item of $225.00 is not barred. The statute only runs from date of actual demand. 25 Cyc. 1209. The statute does not run because the wife could not sue the husband at law. 30 Ark. 17; 31 Ark. 678; 66 Ark. 113; 56 Ark. 297. She could sue in equity only. 67 Ark. 15. And equity is not bound to apply the strict rules of the statute of limitations. 81 Ark. 296; 83 Ark. 160. It is a question of laches, therefore, and

not of limitation, and this court will not hold that the wife was guilty of laches because she did not bring suit against her husband within three years. 39 N. J. Eg. 511.

As a matter of public policy, the statute of limitations does not run against claims existing between husband and wife during the continuance of the marital relation. 19 Am. & Eng. Enc. of L. 186; 47 Ark. 558; 25 Cyc. 1255; 105 Ind. 410; 49 N. E. 965; 28 Atl. 722; 174 Pa. St. 408. See, also, 64 Ark. 384; 66 Ark. 118.

McCulloch, J. Appellee, Mae C. Brooks, presented and filed her claim on verified account in the aggregate sum of $950, exclusive of interest, against the estate of her deceased husband, J. T. Brooks. The case was tried in the circuit court on appeal from the probate court, and, after all the testimony had been introduced, the court instructed the jury to return a verdict in her favor for the full amount claimed. Judgment was rendered accordingly, and the administrator appealed to this court.

The account sued on contained three separate items, as follows:

1. Amount collected by J. T. Brooks on 12 notes executed by one Bringle to plaintiff and proceeds used under promise to pay same to plaintiff on demand ........................$ 600.00

2. Amount paid by plaintiff for J. T. Brooks on life insurance premium under promise to repay same to plaintiff on demand .............. 225.00

3. Amount proceeds sale of horse belonging to plaintiff collected by J. T. Brooks under promise to pay on demand ................... 125.00

        Total ............................$ 950.00

The undisputed evidence introduced established the claim. The defense offered by the administrator to the first item of the account was that the amount collected by Brooks was used by him in the purchase of a lot for his wife (appellee) and in building a house thereon; and to the second item that it was barred by the statute of limitations.

The defense offered to the first item was, in effect, a plea of payment, and it devolved upon appellant to establish the

defense by preponderance of the testimony. He assigns as error the exclusion of certain testimony of witnesses Regan, Hinton and Carrington. The substance of the excluded testimony of Regan was a statement made to him by Brooks at the time he purchased the notes in question from the latter to the effect that he intended to use the proceeds of the notes in purchasing a lot from Hinton. The *ex parte* statements made by Brooks as to what he intended to do with the money which the evidence shows he had promised to repay to appellee on demand were not binding on her, and were not admissible as evidence in the case. They were purely hearsay, and were properly excluded.

Appellant offered to prove by Hinton that he sold a certain lot to Brooks for a cash consideration of $500 and executed the deed in the name of appellee. Appellant also offered to prove by Carrington that he built a house on the lot in question for Brooks in consideration of the sum of three hundred and ten dollars. This was excluded by the court. If there had been any evidence offered tending to show that Brooks repaid the money due appellee by purchasing the lot and building the house, and that she authorized him to expend the money in that way, the evidence would have been competent for the purpose of showing that he purchased the lot and caused the building to be constructed and paid for same. The mere fact, however, that he purchased the lot, taking title in her name, and built a house thereon, raised no presumption of payment, and would not have been sufficient to warrant a finding of repayment of the money due. The exclusion of the testimony was therefore not prejudicial. When a husband purchases property, and has it conveyed to his wife, or expends money in improving her property, the sum so expended will be presumed to be a gift. The law will not imply a promise on her part to repay the amount, nor will it raise a presumption that he intended thereby to create a trust in his own favor. Neither will there be a presumption that he intended thereby to repay a debt which he owed his wife. *Ward v. Ward*, 36 Ark. 586; *Milner v. Freeman*, 40 Ark. 62; *Chambers v. Michaels*, 71 Ark. 373; *O'Hair v. O'Hair*, 76 Ark. 389; 21 Cyc. p. 1297.

The second item of appellee's account was not barred by the statute of limitations. The statute does not run against claims

existing between husband and wife during the continuance of the marital relation. This upon the ground of public policy, "which .discountenances controversies between husband and wife and encourages inaction as to claims *inter sese* during the existence of the marital relation." See 19 Am. & Eng. Enc. Law, p. 186, and numerous authorities there collated.

No prejudicial error is found in the record, and the judgment is therefore affirmed.