WILLIAMS v. WARREN.

4-8684                                          216 S. W. 2d 879

Opinion delivered January 31, 1949.

*W. C. Medley* and *R. H. Peace,* for appellant.

*DuVal L. Purkins,* for appellee.

ED. F. McFADDIN, Justice. Whether an· instrument was altered, and what were the resulting effects if material changes were made, are questions presented by this appeal.

The following instruments, involving the 80-acre tract of land in this case, appear of record in the proper office in Calhoun County, Arkansas:

*Instrument A:* Mortgage dated March 10, 1930, filed March 14, 1930, from W. F. Williams to W. Warren covering the said 80-acre tract, along with 269 acres of other lands, and also certain personal property; executed to secure a note of $3,000 due December 1, 1930. There were various marginal endorsements on the record, made with sufficient regularity to keep alive and subsisting the lien of said mortgage at all times until after the decree from which comes this appeal.

*Instrument B:* Warranty, deed dated January 18, 1943, filed January 1, 1944, from *W. F.* and wife to *W. O.* Williams, conveying the 80-acre tract here involved, and reciting a consideration of $1,300 cash.

*Instrument C:* Mortgage dated January 1, 1944, filed march 14, 1945, from *W. O.* Williams and wife to W. Warren, covering the 80-acre tract; executed to secure a note of $1,200 due January 1, 1947. There are no marginal endorsements where this mortgage is recorded. This is the mortgage sought to be foreclosed in the present suit.

*Instrument D:* A quitclaim deed dated March 15, 1945, filed March 30, 1945, from W. Warren and wife to W. O. (?) Williams or W. F. (?) Williams, and covering the 80-acre tract. It is this quitclaim deed which is claimed to have been altered by changing the name of the grantee from *W. F.* Williams to *W. O.* Williams; and this alteration and the effect thereof present the questions in this case.

*Instrument E:* Mortgage dated November 23, 1946, filed November 25, 1946, from W. O. Williams and wife to the Calhoun County Bank, on the 80 acres; and also covering another 80-acre tract and certain personal property; executed to secure a note of $2,500 payable in five equal annual installments.

*Instrument F:* A quitclaim deed dated December 10, 1946, filed March 10, 1947, from W. O. Williams to Robert Lee Williams, covering the 80-acre tract.

*Instrument G:* Timber deed dated January 13, 1947, filed the same day, from W. O. Williams and wife to W. F. Williams, conveying all of the timber eight inches and above on the 80-acre tract.

Appellee Warren filed suit to obtain judgment against W. O. Williams on the note for $1,200, and to foreclose the mortgage referred to as *Instrument C.* Warren also named as defendants the Calhoun County Bank, Robert Lee Williams and W. F. Williams, because of *Instruments E. F. and G.* W. O. Williams claimed that the note to Warren had been paid, and the mortgage released and satisfied by the quitclaim deed designated as *Instrument D.* The Calhoun County Bank, by separate answer, claimed that it had loaned money to W. O. Williams and had taken a mortgage on the Land

(Instrument E), relying on the records which showed the quitclaim deed (Instrument D) to be from Warren to *W. O.* Williams. This defense presented the rights of the party claiming under an altered instrument. Robert Lee Williams and W. F. Williams as junior lienors and title holders filed an answer, claiming to be *bona fide* purchasers from W. O. Williams; but they did not testify.

The evidence was heard *ore tenus* by the Chancery Court, and a decree was entered finding that appellee Warren's mortgage (Instrument C) was valid, subsisting and unsatisfied; that the $1,200 note it secured had not been paid; that appellee was entitled to judgment against W. O. Williams on the note, and was also entitled to foreclosure of the mortgage (Instrument C); and that Warren's rights were prior and superior to the claims of the Calhoun County Bank (under Instrument E), of Robert Lee Williams (under Instrument F), and of W. F. Williams (under Instrument G). From that decree all of the defendants have appealed. We dispose of the issues under suitable topic headings.

I. *Payment.* Execution of the $1,200 note having been shown, the burden to prove its payment was on the party alleging payment. *Hamby* v. *Brooks,* 86 Ark. 448, 111 S. W. 277; *McDonald* v. *Olla State Bank,* 192 Ark. 603, 93 S. W. 2d 325, and see cases collected in West's Arkansas Digest, "Payment," § 65(6), and "Mortgages," § 319(1). The burden was not discharged. Regarding the paucity of evidence, the Chancellor said:

"There is no testimony in the record showing any payments on the $1,200 note except the testimony of the defendant, W. O. Williams. He states in effect he paid off the debt, part money and delivered to the plaintiff a team of mules and some potatoes and other produce on said indebtedness. No one but himself testifies that any stock or produce of any kind was delivered to plaintiff on said indebtedness. Surely if he had in fact delivered a team of mules to plaintiff in part payment of this $1,200 indebtedness, he could have found some neighbor who would know and would testify to the de-

livery to plaintiff of the team of mules about which he testified."

Since Warren denied receiving payment of any kind on the indebtedness, we affirm the Chancellor's finding to the effect that payment was not proved.

II. *Alteration of Instrument D.* The learned Chancellor who saw the witnesses and heard them testify rendered a written opinion of 10 pages which is in the transcript, and which has proved most helpful to this Court. We have also examined, as did the Chancellor, the original of Instrument D, and have observed its material alterations. The Chancellor found that Instrument D, when signed by appellee Warren, named *W. F.* Williams as grantee, and that it was executed to release the 80-acre tract from the lien of *Instrument A,* the mortgage of W. F. Williams to appellee Warren. The Chancellor also found that after *Instrument D* had passed out of Warren's possession, it was altered by making the intial "F" in W. F. Williams' name read "O" so as to make the grantee "*W. O.* Williams," thereby attempting to cause Instrument D to release the 80-acre tract from the lien of Instrument C, which is the mortgage from W. O. Williams to appellee Warren and sought to be foreclosed in this suit. The Chancellor said:

"From all the facts and circumstances introduced in evidence, the Court is convinced . . . that this quitclaim deed was altered, as will hereinafter be pointed out, before the same was recorded in the Recorder's office of Calhoun County.

. . . . .

"The original quitclaim deed also shows on its face in line 5 the initials to be 'W. F. Williams,' and the record thereof shows the name to be 'W. O. Williams.' Also in the first line of the habendum clause, in the original deed, the initials are 'W. F. Williams,' while the record shows the name to be 'W. O. Williams.'" It will be observed that after the second initial in line 5 there are two periods—the heavier and more distinct period is below the other letters in the name 'W. F. Williams.' The

Court is of the opinion that the forgery of the deed consists in . . . inserting the initial 'O' . . . where the letter 'F' was originally written.''

There are numerous facts and circumstances which support the Chancellor's finding. It is unnecessary for us to detail these because—from a careful study of the entire record—we hold that the Chancellor's findings regarding the alteration of the instrument were not contrary to the preponderance of the evidence. So we affirm the Chancery Court on this point.

III. *Rights of the Bank.* It is strenuously insisted by the Bank that it made a loan to W. O. Williams and took the mortgage (Instrument E) on the 80-acre tract, relying on the records in the Calhoun County Courthouse, which showed that *Instrument D* named *W. O.* Williams as grantee, and that the Bank should be protected in relying on the Records. But the answer to that contention is found in the fact that Warren did not by quitclaim deed release the *W. O.* Williams mortgage (Instrument C), but released only the *W. F.* Williams mortgage (Instrument A); and that the *W. O.* Williams mortgage to Warren (Instrument C) is superior to the subsequent mortgage to the Bank (Instrument E). *Hall* v. *Mitchell,* 175 Ark. 641, 1 S. W. 2d 59, was a case in which the parties claimed under a forged deed; and Chief Justice HART, using the language found in *Miles* v. *Jerry,* 158 Ark. 314, 250 S. W. 34, succinctly reiterated the law:

''No one can claim that an estate in land can be divested by forgery, . . .''

That quotation is apropos to the case at bar. Warren's lien by *Instrument C* cannot be divested by the forgery in *Instrument D.* This holding regarding the Bank on *Instrument E* also disposes of the claims of Robert Lee Williams and W. F. Williams on *Instruments F* and *G.*

The decree of the Chancery Court is in all things affirmed.